## SUPREME COURT.

### DODD agt. CURRY.

A fee of $12, for the trial of a cause is allowable in an action at issue, where the plaintiff fails to appear when the cause is called upon the calendar and the defendant takes an order that the complaint be dismissed.

*Question of Costs referred by the Clerk of Oneida County, for advice.*— This was an action brought under the Code of Procedure, for an assault and battery. The cause was noticed for trial by both parties, and was on the calendar at the late Oneida Circuit. On a regular call of the calendar, the cause was reached on the first day; and the plaintiff not appearing, the defendant's attorney read his notice and proof of service, and took an order that the complaint be dismissed, pursuant to the 258th section of the code. Upon the adjustment of the costs, the plaintiff's counsel objected to the item of twelve dollars for the trial of the cause.

Mr. MOREHOUSE, *for the plaintiff.*

Mr. HURD, *for the defendant.*

GRIDLEY, Justice.—It is argued by the counsel for the plaintiff, that a trial being, according to the definition contained in the 252d section of the code, "*a judicial examination of the issues,*" and there having been no examination of the issues, there has been no trial, and of course the trial fee is not allowable.

I apprehend, however, that the definition of a trial, so far as an issue of

fact is concerned, is merely declaratory of the existing law. Blackstone defines a trial, " as the examination of *the matter of fact in issue*," (3d vol. p. 330.) It is true that the code includes the examination of issues of law as well as of fact, within the definitions contained in the section before cited, so that what was formerly an "argument," or "hearing," is now a trial. This is the only difference between a trial under the code, and under the former system of practice. (See the Commissioner's Report, p. 184.)

It cannot be maintained that there is, in the mode prescribed by the code for obtaining a dismissal of the complaint, an *actual* examination of the issues. But the cause is put on the calendar for trial, it is called by the judge; and the plaintiff not being present to maintain the issue on his part, the judge, on due proof of the service of notice of trial by the defendant, orders the complaint to be dismissed, as though the plaintiff had appeared and produced his witnesses, and failed to prove his case. It is final disposition of the cause; and though not technically a trial, it has always been held, for the purposes of costs, equivalent to an actual trial. Under the old system, when a cause was placed on the calendar of the court of chancery, the defendant's solicitor was entitled to take an order dismissing the bill of complaint, on the reading of his notice and proof of service, precisely as the defendant's counsel did in this case; but it was never doubted that the counsel was entitled to his fee of $8, for arguing the cause. So, too, the counsel fee was universally taxed in the Supreme Court, when the counsel took judgment by default on proof of service of notice of argument. And yet in neither case was there any actual examination of the issues; but the party who failed to appear, virtually conceded that he could not maintain them on his part. The court, so far from giving a strict construction to the fee bill, have sometimes gone to the very verge of judicial legislation. They have allowed to the attorney the fee for "attending *the trial of a cause*," and for "arguing *a demurrer*, &c.," when the attorney did not in fact perform the service, and was not in fact present at the court, (2 W. R. 265; 19 W. R. 127.) In the case under consideration, however, the allowance of a fee for a trial of the cause is within the spirit and true meaning of the act. The disposition of the case, when called on the calendar, by its final dismissal, is in pursuance of a notice of trial and is for all the purposes of this question equivalent to an actual trial. It would be oppressive upon the successful party, if a plaintiff after having noticed a cause, could, by omitting to appear when the cause was moved, deprive his adversary of a trial fee which he had been obliged to incur to the counsel who moved the cause. Upon principle and authority, therefore, I think the charge should be allowed.