## SHANNON *a.* BROWER.

*Supreme Court, Dutchess Special Term ; January,* 1856.

### COSTS—TRIAL FEE.—SPECIFICATION OF ITEMS.

Where a complaint is dismissed on the trial instead of on special motion, the defendant is entitled to a trial fee.

The *items* of disbursements claimed by the successful party in his costs must be stated in detail, in his bill of costs. It is not sufficient that they appear in the affidavit verifying the bill.

Application for a re-adjustment of costs.

*T. H. Campbell*, for the application.

*J. H. Weeks*, opposed.

EMOTT, J.—The plaintiff in this action was non-suited at the Circuit, when the cause was called on for trial, and the complaint dismissed, on motion of the defendant, before any testimony had been taken, because it did not state facts sufficient to constitute a cause of action. The defendant perfected a judgment for costs, and the plaintiff now asks a re-adjustment of the defendant's costs. Several grounds of objection were specified on the argument.

I. Objection was made to the allowance of a trial fee, and cases were cited where only a motion fee was allowed on dismissing a complaint. These, however, were cases where the complaint was dismissed on special motion, for irregularity or want of prosecution. Here there was as clearly a trial as if there had been a verdict.

II. It is claimed, that the disbursements were not stated in detail, as required by section 311 of the Code. It was held by Mr. Justice Parker, in Hager *v.* Danforth, (8 *How. Pr. R.*, 448,) that this provision does not require that the items of disbursements should be stated in the costs, but that it is satisfied by enumerating them in the affidavit by which they are verified, and which is to be filed.

In this case, in the bill of costs served on the plaintiff's attorney, and presented to the clerk for taxation, all the disbursements were stated in detail except the fees of witnesses, which were stated in gross thus: " *Witnesses fees, June Circuit*, $36 88 ; *do. September do.*, $36 80." At the time of the taxation or allowance by the clerk, the defendant's attorney produced an affidavit of the attendance of these witnesses, specifying each of them and his fees. Two objections were stated on the argument to the form of this affidavit. One was, that certain of the witnesses were sworn to have travelled *three miles* in attending the circuit, while the statute requires, that, in order to charge mileage, they should reside more than three miles from the place of trial. I think, however, the affidavit

Shannon *a.* Brower.

is sufficient in this respect; the law does not regard fractions of a mile in providing compensation for witnesses; and in stating that a witness travelled three miles, in going to and returning from the place of trial, I think the affidavit may fairly be construed to mean that the distance was less than four miles, but was three miles and over, so as to be sufficient to bring the witness within the statute. The other objection was the omission of the word "necessarily," in stating the travel made by the witnesses; *i. e.*, that it was not averred in terms that each travelled "*necessarily*" so many miles. I think the necessity of the travel sufficiently appears, from the facts of the residence, etc., of each witness, as stated in the affidavit. It is very questionable, however, whether either of these objections can be urged here, under a mere general objection, taken before the clerk, that the affidavit was insufficient, without stating in what particular.

But as I have been unable, with great deference to the learned judge, who decided the motion in the case of Hager *v.* Danforth, cited above, to agree in his construction of this part of the Code, I do not find it necessary to decide this motion on either of these objections to the defendant's affidavit.

The Code (§ 311) makes no distinction between fees of witnesses and other "disbursements." And the former statute (2 *Rev. Stats.*, 653, § 7), required, in reference to what were therein called "disbursements," that the items thereof should be particularly specified in an affidavit. If the language of the Code were similar to this, or as plain in its meaning, it might be decisive of the present question. But the section under consideration provides that the "disbursements," which include "the compensation of referees and the expense of printing the papers on any appeal," "shall be stated in detail and verified by affidavit." It does not strike me that this is equivalent to saying that these items should be specified in an affidavit verifying the same. I think the language fairly and reasonably means that these items should be stated in the costs as made up by the attorney and adjusted by the clerk.

And I cannot but think that when the same section requires a notice of two days to be given, of the taxation or adjustment of costs, it means that this notice shall include a bill of the

charges for costs and the disbursements, each stated in detail, as they are to be presented to the clerk. If this be not so, then a notice and a bill of costs, presented for allowance, would be sufficient, which contained simply the sum total of the disbursements, including fees of witnesses, referees, and all other expenditures which the law permits to be included in the costs recovered by either party, and all stated in one sum.

This bill of costs would have been as sufficient a compliance with the statute if it had simply contained, " disbursements, $77 06," instead of stating the other disbursements in detail, and adding so much for witnesses' fees in gross. And indeed, upon the same principle, we should be called to approve a practice which was cited on the argument as prevailing in some parts of the State, of simply giving notice that the costs in an action will be adjusted on a certain day, without adding to the notice or serving with it any copy of the costs or disbursements as proposed to be allowed or intended to be presented.

If this be correct practice, it is proper to go a step further, and dispense with any written statement of the items of costs or disbursements at all, except such as may be collected from the affidavit. It has been repeatedly held, and such is the clear language of the Code, that neither the bill of costs nor the affidavit forms any part of the judgment-roll. The only office of such papers must be to inform the opposite party of the claim of the successful litigant as to costs, and to enable the court to understand the action of the clerk in the taxation; and chiefly, I apprehend, the former. If the party can be called to attend the adjustment of costs, by merely notifying him that at such a time and place the costs will be adjusted, I am unable to see why all the other requirements of the statute would not be answered, by attending at the time with an affidavit verifying the disbursements in detail, stating orally to the clerk the charges for costs claimed, and having " the sum of these charges," as made up by him, with the sum of the disbursements, entered by him in the judgment.

It does not occur to me that such a proceeding could be distinguished in point of principle from what is claimed in this case. The result of such practice would clearly be, in almost

Shannon *a.* Brower.

every instance, what is alleged measurably in this case. The defeated party would be compelled to attend the adjustment and settlement of what in many cases forms the heaviest portion of the judgment against him, without any previous information of what he is to be called to meet. When his attorney comes before the clerk, on the short notice allowed by the Code, he cannot claim nor can the clerk grant an adjournment, as far as I am able to see; or if he have the power, he may not see fit to exercise it. The same want of notice and previous information which may prevent the attorney from being able to disprove any erroneous or excessive charges, may also prevent him from knowing precisely what items charged for disbursements are erroneous, and from taking objections with sufficient specification to be available on an appeal. At all events, whenever there should be any disputed charges in the bill as allowed, the party objecting will almost invariably be driven to the more expensive and tedious method of such a motion as this, to remedy a grievance which the clerk would not have permitted, had the parties been enabled to come before him prepared to present the facts.

I think such a practice as this would not conduce to justice, and ought not to be sanctioned, unless the Code compels us to do so. Indeed, wherever the methods of the old practice were just and wise, and are not in terms abrogated or rendered impossible by the law establishing the new, I think the new mode of procedure should as far as possible be conformed to the rules which have been sanctioned and approved by long professional and judicial experience.

There must be a re-adjustment of these costs, on proper notice, accompanied by or including a bill or statement embracing the charges for costs and the items of disbursements in detail. No costs of this motion to be allowed to either party.