## SUPERIOR COURT.

### SALTUS agt. KIPP.

In an action of assault and battery, in which the defendant has given notice of appearance before the time for answering expired, it is irregular to apply *ex parte*, and without notice, for an order that plaintiff's damages be assessed by a jury.

In such a case, the defendant will not be permitted to put in an answer which admits the assault and battery, and merely alleges that there was provocation, which should mitigate damages. The real character of the transaction, and any matter which can properly mitigate damages, may be shown on the assessment of damages, on a default to answer.

Saltus agt. Kipp.

*Special Term, Jan.,* 1856.

THIS is an action of assault and battery. Within twenty days after service of the summons and complaint, the defendant appeared by attorney, but made default in answering. When the time to answer had expired, the plaintiff applied *ex parte,* and obtained an order that his damages be assessed by a jury. The defendant moves to set aside that order for irregularity, and for leave to put in answer, which he produces. The answer does not deny the assault and battery, but sets up circumstances mitigating its character.

HENRY H. MORANGE, *for defendant.*
BANGS & KETCHUM, *for plaintiff.*

BOSWORTH, Justice. The order to assess damages could only be granted on an application for the relief demanded by the complaint. No notice of the application having been given, it is irregular, and must be set aside. (*Code,* § 246, *sub.* 2.)

The answer contains no defence. On a demurrer to it for insufficiency, judgment would be given for the plaintiff. (*Laws of* 1855, *chap.* 44; *Lane* agt. *Gilbert,* 9 *How. Pr. R.* 150.) In such a case, the damages would be assessed in the same manner as if no answer had been put in. (*Code,* § 269.)

The same proceedings may be had under the Code, in assessing damages on a default to answer, as were allowed under the old practice on executing a writ of inquiry. A defendant may call witnesses, and prove any matter which properly goes to mitigate damages. He may, of course, prove all the facts and circumstances relating to any immediate provocation, which, in judgment of law, tends to mitigate damages.

The motion for leave to put in the proposed answer is denied.