ROGERS *a.* DEGEN.

*New York Superior Court; At Chambers, February,* 1860.

COSTS.—ALLOWANCE.—WHAT IS A TRIAL.

Dismissing a complaint, the plaintiff not appearing to oppose, is a trial, under section 309 of the Code, and the defendant may have an allowance therefor in a difficult and extraordinary case.

Motion by the defendant for an allowance under section 309 of the Code.

The case was admitted to have been a difficult and extraordinary one. The only question was, whether there had been a trial within the meaning of the Code. On this point the facts were as follows:

The complaint sought to make the defendants, who are brokers, liable for the default of their principal. The case was noticed by the defendants for, and was called in its regular order on the calendar, and no one appearing for the plaintiff, the complaint was dismissed with costs. A deposition *de bene esse* had previously been taken on the part of the plaintiff; at the taking of which counsel had attended.

The defendants now moved for an allowance.

*E. P. Wheeler*, for the motion.—I. Dismissing the complaint, no one appearing to oppose, is a trial. A trial-fee is always granted under such circumstances, and it has been so held under section 307 of the Code. The word trial, defined in section 252, must have a uniform meaning. (*Voorhies' Code,* ed. 1859, 435; Dodd *a.* Curry, 4 *How. Pr. R.*, 123; Jackson *a.* Figaniere, 15 *Ib.*, 224; Shannon *a.* Brower, 2 *Abbotts' Pr. R.*, 377; Lawrence *a.* Davis, 7 *How. Pr. R.*, 354.

II. Costs are intended as indemnity for the prevailing party's expenses (*Code,* § 303), and for expenses as well before as at the

trial. (McQuade *a.* New York and Erie Railroad, 5 *Duer*, 616.)

III. Provisions for costs are construed liberally in favor of the attorney. (Dodd *a.* Curry, 4 *How. Pr. R.*, 123; Jackson *a.* Figaniere, 15 *Ib.*, 224.)

*H. P. Fessenden*, opposed, cited the decisions that when an appeal is dismissed in the Court of Appeals, an argument-fee is not taxable.

ROBERTSON, J.—The motion in this case is for an allowance under section 309, upon the dismissal of the complaint by default, upon proof of service of notice of trial of issues of law, when the cause was reached in its order on the calendar. And the question whether an allowance can be made, must bear upon that other, whether such judgment by default is a " trial" within the meaning of that section.

It is very evident that the allowance is not given as a trial-fee alone, or counsel-fee for trying the cause (McQuade *a.* The New York and Erie Railroad Company, 5 *Duer*, 616), because it is the difficult and extraordinary character of the case, not of the trial, which determines the right to the allowance; the mere trial alone forms by itself a contingency on which the right of an allowance depends, because section 322 excludes it upon a settlement before judgment, whereas, after a trial, costs follow, to be included with judgment.

The only remaining question is solved by the Code; and here I do not think the definition in section 252 is strictly applicable, as there can hardly be said to be a " judicial examination," when the default of a party is taken; but in regard to costs and indemnity of expenses, I think the term has a wider meaning, and this being a modified continuation of a prior fee-bill, in which " trial" included every mode of disposing of issues in a case.

In this sense it is used in section 307 of the Code, where, under subdivision 4, it has been held that the word trial, as applied to issues of fact, included judgments by default (Dodd *a.* Curry, 2 *Code R.*, 69; S. C., 4 *How. Pr. R.*, 13), and it certainly must include similar judgments on issues of law mentioned in the same subdivision, and such was the view undoubtedly taken in Lawrence *a.* Davis (7 *How. Pr. R.*, 354).

The fact that no evidence is taken, or other proceedings on a trial, is immaterial. (Shannon *a.* Brown, 2 *Abbotts' Pr. R.*, 377.) The only effect of want of litigation on the trial would be to reduce the amount of counsel-fee or extra allowance, not to take away the right to it altogether.

I think this a proper case for an allowance of five per cent. on the amount claimed.