Woodruff, J.
1. The delay on the part of the defendant is not so excused as to warrant the granting of further indulgence to the defendant and further time to answer. The excuse sufficiently exonerates the defendant’s attorneys, who may have done their duty; but it does not relieve the defendant himself from the imputation of gross laches.. Had he given proper attention to his own business, he would either have sworn to his answer before he left the country, or have devised some mode of communicating with his attorneys for that purpose during the many months that have since elapsed.
2. If the object of putting in an answer be to enable the defendant to give evidence in mitigation of damages, the answer is probably unnecessary. Evidence in mitigation, it has been held, may be given by a defendant on the execution of a writ of inquiry. (5 Duer, 646; 9 How. Pr. R., 150.)
3. The absence of the witness mentioned in the affidavits on the part of the defendant, would furnish no adequate ground for denying the motion, since he might have been examined before he left on his last voyage, or on other occasions since the action was brought. Ho special reason is assigned for not taking his deposition, and no diligence is shown to prevent the loss of his testimony.
*681 4. But I do not deem the reason given for moving to have the damages assessed in Court a sufficient one to require us to depart from the usual practice. The only ground is, that the attorneys for the defendant are also the legal advisers of the Sheriff in matters pertaining to his office. If this reason should prevail in this instance, it should prevail to make such an order proper in all cases of the execution of a writ of inquiry in which those attorneys are retained by defendants, and not only so, it would forbid the granting of a writ of inquiry in all cases in which they were the moving counsel on behalf of plaintiffs also. Ho imputation upon the integrity of either the Sheriff or the attorneys is contained in the affidavits by direct terms, and yet the granting of the motion would incidently impute want of fairness at least to the Sheriff and the attorneys also.
The motion must be granted so far as it prays the relief sought in the complaint, and an order may be taken for a writ of inquiry of damages or an assessment by the Sheriff’s jury, unless the plaintiff prefers to accept the answer without the oath of the defendant, in which case if the cause is on the Calendar of the June Term, he can proceed to trial in the usual manner
Ordered accordingly.