By the Court—Bosworth, Ch. J.
The Code declares that “A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact.” (§ 252, [207.]) Though it has thus defined the word trial, it has not defined what is meant by the words,. “ the judicial examination of the issues between the parties,” otherwise than by the nature, force and effect of its provisions for a final disposition of such issues.
They probably include the action of both Court and Jury, in the cases where a verdict is rendered, and only the action of the Court or of Referees, when disposed of *624 by the Court without a jury, or by Referees on a reference. They do not necessarily require that the Court should hear the pleadings read, and that evidence should be given if the issues are those of fact, or an argument made if they are issues of law. On a demurrer to a complaint or auswer being regularly noticed for trial and placed on the calendar, where judgment is given for the party demurring, on the failure of the opposite party to appear,- the Court does not, ih fact, generally do more than hear the notice of trial read and affidavit of service. Tet the Court pronounces judgment, and in intendment of law makes all the examination necessary to enable it to decide correctly.
So, where issues of fact are noticed for trial, and the cause is placed on the calendar, and when it is reached and called in its order in open Court, the defendant appears and the plaintiff does not, and the defendant asks for a dismissal of the complaint, the Court is supposed to look into the pleadings sufficiently to ascertain if that be such a disposition “ as the case may require,” and if it dismisses the complaint, decides that it is; and that decision (if no motion be made to set it aside) is a final determination of the issues in that action.
In one case as-well as in the other, final judgment absolute, follows the decision. In both cases the cause is disposed of and decided by the action of the Court, at the place and in the manner provided by law for the trial of the action, and in both, the action of the Court constitutes a trial. In both, there has been a judicial, and all the actual examination of the issues between the parties, which the statute and the practice of the Courts have prescribed or require to reach jusband final results.
If the answer (as it may do) admits the cause of action stated in the complaint, and, as there stated, and sets up new matter as a defense, the Court would not dismiss the complaint but would allow the defendant to prove his defense and take a verdict. (Code, § 258, [213.])
In contemplation of law and of the Code, the Court, in *625 ordering a dismissal of a complaint, looks into the issues, and such action is taken as the nature of the issues requires, and the disposition of the cause thus made involves “the judicial examination of the issues,” within the meaning of those words as used in § 252.
The Code, by force of all its provisions found in the two chapters, entitled “Issues and the mode of trial,” and “Trial by Jury,” declares that a cause at issue may be brought to trial in the mode they describe, and that when thus brought to trial and disposed of, it has been tried within the meaning of the word trial, as therein used. It must be remembered that the titles of the several chapters of the Code are a part of the statute. And that, although the Code defines the meaning of the word “ trial,” it also prescribes the proceedings to be had thereat, and when all of the prescribed proceedings have been had, there has been a trial. And it is only by raising, by construction, a conflict between the Code’s definition of a trial, and its «prescribed proceedings to constitute a trial, that any confusion or doubt is created.
I think there was a trial in this case, not only within the meaning of that word, as used in the Code, but according to the very forms of a trial which it has prescribed for a case like the present; and that Dodd v. Curry, (4 How. Pr., 123,) Moffatt v. Ford, (14 Barb., 577,) and Rogers v. Degen, (10 Abb. Pr., 313,) were correctly decided. (See Bailey’s Dic.: Tryal, [in law.])
There having been a trial, the discretion of the Judge in respect to the amount of the allowance is not reversible on appeal.
That it was a proper case for an allowance, I entertain no doubt.
« The order should be affirmed.
Robertson, J.
The only question raised on this appeal, of any moment, is, what is intended by the expression, “ where a trial has been had," in the last clause of the 309th section of the Code. It is claimed that the meaning of the *626 term “ trial,” as used therein, is circumscribed by the definition given of it in section 252; it being substantially conceded that if it is not, the ordinary signification of the word will not sustain the plaintiffs’ position.
It is to be observed, in the first place, however, that while the fifteenth title of the Code, from section 462 to 467, inclusive, declares that certain words, when used in the Code, are to be understood in a certain sense, yet the words defined in section 252, and other sections, (§§ 1-5, 245-248,) are not declared to be used throughout the act in the sense prescribed. It would seem, therefore, that the framers of the Code, in making such distinction, intended that a general definition, without prescribing its use, was not intended to control the meaning of the word throughout the whole statute, where, by possibility, they might have used it in another sense.
But, assuming that the definition of a trial in section 252 controls the meaning of the word in the clause under consideration, it remains to be seen whether, after issue joined, or rather issues made, between- the parties, and a notice given of the trial of the same, a judgment rendered by the Court, dismissing the complaint, is the result of a judicial examination of such issues; and here we stumble at the threshold, since the meaning of the word “judicial,” as there employed, may form a subject of controversy, as it admits of various interpretations. It is defined as “relat-? ing to, practiced in, proceeding from, or issued by a Court of justice, emanating from a Judge, juridical, (Worcester), and “juridical” is defined as “relating to the dispensation of justice.” (Id.) In such a wide range of meaning, limited only by its pertaining to a Court of justice, there is nothing greatly to narrow or distinguish the character of the examination intended, unless we take “judicial” to designate something done in a Court, or by a Judge, as distinguished from clerical acts. In section 245, a judgment is defined to be the final determination of the rights of the parties. The- next section (246) provides, in its first subdivision, that the Clerk upon mere proof of the service of the sum *627 mens, shall, in certain actions, “enter judgment” for the amount claimed in such summons, or, if the complaint be not sworn to, in certain other actions, “assess” the damages thereon, and in still other cases, “ascertain” the amount due by proof. The second subdivision of that section provides that the plaintiff may apply to the Court for the relief demanded by him; and the Court may take certain means of ascertaining damages by a reference to a Jury; and the notice which is to be given to a party appearing is designated as being “ of the time and place of application to the Court for the relief demanded,” and not of a trial. The third subdivision of the same section provides for judgment in case of publication. The next section, and the last of that chapter, provides for judgment upon a frivolous demurrer, answer, or reply, to be granted by a Judge either in or out of Court. The application under that section has been held not to be a trial, but a mere motion, (Roberts v. Clark, 10 How. Pr., 451; Marquisee v. Brigham, 12 Id., 399,) and the proceedings thereupon are to be the same as if the defective pleading had not been served. (Salters v. Kip, 2 Abb. Pr., 382 ; S. C., 12 How. Pr., 342.) In other words, the Court does not, in such case, determine the issue, but merely that no proper issue has been raised; as on a motion to strike out a sham defense, it determines that the issue raised is so palpably unsupported by evidence as not to deserve a trial. (The People v. McCumber, 18 N. Y. R., 315.)
The chapter containing the provisions, just referred to, for giving judgment, is headed “ Judgment upon failure to answer,” &c., and is immediately followed by the chapter containing the definition of a “trial,” which is entitled “Issues and the mode of trial.” I think it therefore very clear the authors of the Code employed the term “judicial” to distiuguish judgments by Courts from the mere “ clerical ” acts or inquests provided for in the previous chapter, (I,) on which judgments were to be entered. This being so, the word “ examination” is not very difficult to be understood or explained. It is clearly *628 not as extensive as “investigation,” and certainly not as “ litigation.” It does not imply a laborious or contested inquiry. In the absence of either party, where an issue has been joined, it is the duty of the Court to “ examine ” what it is, in order to give the proper judgment. Without counsel or protector, the Court becomes the guardian of the rights of the absent or unprotected, to see that no more is decreed against them than the claim and issue warrant. Indeed, there is much more room for confining the meaning of “ judicial examination” to such an inspection and scrutiny of what the issues are, than enlarging it to every imaginable legal argument or testimony. Worcester, in contrasting “examination” with its synonyms, says it is “ a general term,” and “ is made in order to form a judgment.” He adds, “an investigation is a minute inquiry; a scrutiny, a strict examination.” The Code does not declare how long, strict or minute the examination is to be in order to become a trial; it is enough that there is an inquiry of some kind.”
It is admitted that the allowance provided for in the section in question is not for services on the trial, except so far as they compose part of the general labor of the cause. It is enough that the trial is had. A case, however, may be substantially tried before either party applies for judgment on the issue. Testimony obtained in commission or conditional examinations may settle the controversy beyond question, so as to render further contest useless and discreditable. Did the Code intend that the preparation to elicit, and the labor, loss of time, and expense of eliciting such overwhelming evidence before going into Court should not be compensated for; although, if obtained in Court, .it might be ? This Court has settled that the abandonment of his case by a plaintiff, after testimony taken, would not enable him to escape indemnifying the defendant for his expenses. (Allaire v. Lee, 4 Duer, 609.) Fo such unfair result as to deprive him of like indemnity should be obtained by forcing into the word “examination” a meaning it does not naturally bear.
*629 “ Issues ” are said, by the Code, (§ 248,) “ to arise when a fact or conclusion of law is maintained by the one party and controverted by the other.” In other words,, the controversion constitutes the issue, and an examination of it strictly is an inquiry into its nature. Substituting, therefore, according to the foregoing views, the definition for the words defined, the definition of a trial under consideration would expand into “ an inquiry by a Court into what question arises upon the pleadings, by the mainten anee of a fact or conclusion of law by one party and its controversion by the opposing party.” Not a word is said of testimony or discussion. They may undoubtedly, if introduced, be used by the Court in its inquiry, if it thinks proper, but they are not indispensable to rendering such inquiry a trial within the definition.
It is very plain, that if the plaintiffs’ view be correct the defendants are not entitled to any trial fee, under the 4th subdivision of section 307 of the Code. And yet the failure, after an attempt, to dispose of the issues, has repeatedly been held not to bar the successful party of his right to it. (Ellsworth v. Gooding, 8 How. Pr., 4; Wiggins v. Arkenbergh, 4 Sandf., 688; Dewey v. Stuart, 6 How. Pr., 465.) And the same is held, too, even where a default has been taken for failure to appear. (Dodd v. Curry, 4 How. Pr., 123; Shannon v. Brower, 2 Abbotts’ Pr., 377.)
An unanswerable objection, however, to the construction now contended for, is, that if the proceeding taken to procure a judgment dismissing the complaint be not a trial, it is nothing. It is not a motion,—that is defined to be an application for an order, (Code, § 401,) which again is defined to be “ every direction of a Court or Judge, * * “in writing, not included in a judgment.” Notices of motion are required (§ 402) to be only eight days before the time appointed for the hearing; notices of trial are to be fourteen days before the Court, (§ 256,) and in the same section is added, “ the action, * * when called, may be brought to trial by the party giving the notice.” A succeeding section (§ 258) provides that the party so giving *630 notice may “ bring the issue to trial, and in the absence “ of the adverse party * * proceed with his case, and “ take a dismissal of the complaint, or a verdict or judg- “ ment,” as it may require. The dismissal of a complaint is clearly not an order in such case : it is part of the judgment. The application for it is, therefore, not a motion; no notice of it, as such, is required to be given. No costs are given as,on a motion. Clerks’ fees are due as on a trial, (§ 312,) because the trial has been brought on. It is not very easy to see how a trial can properly be said to be “ brought on,” if no part of a trial is gone through with ; but it is entirely abandoned, and something else is done, which has no name in the Code, and is neither a motion nor a trial, and certainly not a provisional remedy.
Eor these reasons I think the order appealed from should be affirmed, with costs.