In re HALE.

(Supreme Court, Special Term, Kings County.   June, 1900.)

1. MUNICIPAL COURT—BOARD OF JUSTICES—CONDUCT OF BUSINESS—RULES—EX-
ACTING ILLEGAL FEES.
New York City Charter, § 1375, authorizing the board of justices of the
municipal court to make rules as to the hours and order of business in
such court, does not empower them to create and exact fees, and therefore
a rule by such board requiring plaintiff to pay a fee of two dollars before
judgment entered, or before issue is joined, or the case put on the calen-
dar and called, to be refunded in case issue is not joined, is void, and a
plaintiff who had filed a verified complaint for goods sold, defendant be-
ing in default, was entitled to mandamus to compel the entry of judg-
ment without the payment of such fee.

2. CITY MARSHAL—SERVICE OF SUMMONS—FEE PAID TO JUSTICE—EMPLOYMENT
OF PRIVATE PERSON—ILLEGAL CONDUCT.
Under New York City charter, providing that the city marshal shall
receive a fee of one dollar for the service of a summons, where a plain-
tiff paid such fee to a justice of the municipal court for service of sum-
mons by the marshal, such justice had no authority, without the plain-
tiff's consent, to employ a private person to serve such summons, and
such service is invalid.

Application by William H. Hale for a writ of mandamus to a jus-
tice of the municipal court of the city of New York to compel the
entry of a judgment.   Denied.

W. H. Hale, for the motion.
D. D. Whitney, opposed.

GAYNOR, J.   This is an application for a peremptory writ of
mandamus against a justice of the municipal court of the city of
New York, to compel him to render judgment in favor of a plaintiff
in such court, without exacting of him a fee of $2 as a condition.
The said plaintiff brought a civil action in the said court against an-
other for $19.49 for goods sold.   He caused a verified complaint to
be served with the summons.   When a verified complaint is thus
served the plaintiff is entitled to the judgment prayed for by default
unless the defendant files a verified answer on the return day of the
summons.   No such answer was filed in this instance, but the jus-
tice refused to give judgment for the plaintiff unless he first paid
the trial fee of $2 which is prescribed by law for trials in the said
court.   But the defendant had not joined issue, and therefore there
was to be no trial, but a judgment on default, and the justice had
no right to exact such fee, nor had his clerk.   By section 1375 of
the city charter the board of justices of the said court are given power
to make rules as to the hours and order of business in the said court;
but this does not empower them to create and exact fees, and the
rule made by the said justices for the payment of the said fee of $2
is void in so far as it embraces cases in which an issue has not been
joined for trial.   Nor can such fee be exacted in anticipation of an
issue being joined, to be refunded if it is not joined, or as a condi-
tion of the case being put on the calendar and called.   The municipal
court is the poor man's court, and no fees or burdens not unavoidable

65 N.Y.S.—29

,ought to be put on litigants there. Indeed, the fees prescribed by law for that court seem onerous, and probably ought to be abolished..

I would therefore grant a writ that the justice render judgment for the plaintiff were it not that there is no sufficient proof of the service of the justice's summons on the defendant. And this reveals another apparent abuse. The statute is that such summons must be served by a city marshal, unless by a private person specially empowered by the justice. The statute prescribes a fee of $1 for such service. The plaintiff paid the fee and left the summons to be served by a marshal, but the justice instead gave it to a private individual and empowered him to make service. The justice had no right to exact a fee for the making of such service by a private person, nor had he the right to empower such person to make such service without the plaintiff's request. This has always been deemed so. The plaintiff had the right to have it served by a marshal. The result of such unauthorized giving of the summons to such person by the justice is that he has not filed a proper affidavit of service thereof, and therefore judgment cannot be entered. The service fee should be refunded to the plaintiff for the sake of justice.

The motion has to be denied.