(34 Misc. Rep. 273.)

PEOPLE ex rel. KEMPNER et al. v. WILSON, Clerk.

(Supreme Court, Special Term, New York County.   March 2, 1901.)

TRIAL FEES—RETURN—MANDAMUS.

    Code, § 252, defines a trial as a judicial examination of the issues be-
tween the parties.   A rule of the board of municipal justices provided
that trial fees paid to the clerk should not be returned to the plaintiff
after issue had been joined or trial had.   *Held*, that where defendant filed
an answer, and the case was adjourned several times after issue joined,
and judgment was finally entered for plaintiff on proving his cause of ac-
tion, because defendant failed to appear, plaintiff was not entitled to the
return of his trial fees on the ground that there was no trial.

Application by the people, on the relation of Nathan Kempner and
another, against Herman B. Wilson, for writ of mandamus to com-
pel respondent, as clerk of the municipal court, to return to relators
a sum deposited with respondent as trial fees.   Writ denied.

M. A. Lesser, for relators.

John Whalen and William R. Crowell, for respondent.

McADAM, J.   The relators apply for a peremptory writ of man-
damus requiring the respondent, as clerk of the municipal court for
the Eleventh district, to return to them the trial fee of $3, exacted by
him from them, pursuant to rule 12 of the board of municipal justices,
passed agreeably to the authority conferred by section 1375 of the
charter.   The rule provides that "trial fees paid to the clerk shall in
no case be returned to the plaintiff after issue has been joined, except
in cases where the answer has been withdrawn before inquest taken
or trial had."   It appears that the relators brought an action in said
municipal court against one Simpson.   Upon the return day the de-
fendant filed a verified answer, and the issue so joined was adjourned
several times for trial.   Finally, and on November 19, 1900, the
cause was called for trial, and, the defendant failing to appear, the
plaintiffs proved their cause of action, and the justice thereupon ren-
dered judgment in plaintiffs' favor.   The relators claim that, be-
cause defendant failed to appear on the last adjourned day, there was
no trial, and consequently they became entitled to the return of the
trial fee, and it is on this theory they make their present application.
The position is untenable.   The former Code (section 252) defined a
trial as "a judicial examination of the issues between the parties,"
and such an examination was had in the municipal court.   The plain-
tiffs recovered only after proof of the facts and examination of the
issues by the justice.   What occurred amounts in law to a trial for
all the purposes of costs.   Place v. Manufacturing Co., 28 How. Prac.
184;   Mora v. Insurance Co., 10 Bosw. 622;   Shannon v. Brower, 2
Abb. Prac. 377, 3 Wait, Prac. 2.   In re Hale, 32 Misc. Rep. 104, 65
N. Y. Supp. 449, is inapplicable.   Issue had not been joined in that
case.

It follows that the application must be denied.