(36 Misc. Rep. 488.)

### In re DU BOIS.

(Supreme Court, Special Term, Kings County.   December, 1901.)

MUNICIPAL COURTS—TRIAL FEE—INQUEST.

Under City Charter, § 1369, the fees prescribed by the charter of the former city of New York (sections 1415, 1417) are retained by the municipal courts.  Section 1375 gives the board of justices of the municipal court power to make rules of procedure in such courts.  *Held* that, as the sections of the old charter had been invariably construed to authorize trial fees only for actual trials, a rule of the justices authorizing a fee in advance where there has been an inquest and no trial is invalid.

Application of Charles E. Du Bois for writ of mandamus against the clerk of the municipal court of the city of New York, for the Second district of the borough of Brooklyn, to compel the refunding of a trial fee of $2.50 exacted by the defendant.  Writ granted.

C. H. Machin, for petitioner.

Samuel K. Probasco, opposed.

GAYNOR, J.   The application must be granted.   There was no trial, and therefore no trial fee could be charged.   It was the same as though the defendant had defaulted on the return day.   In that case the plaintiff would have had to prove his case before the justice in order to get judgment; and the same was the case on the adjourned day.   If the trial fee had not been exacted in advance it would not have been asked for on the adjourned day as there was no trial.   The clerk has no right to exact a trial fee in advance of the trial day in anticipation of a trial, and as a condition precedent to putting the case on the calendar.   In re Hale, 32 Misc. Rep. 104, 65 N. Y. Supp. 449.   Rule 12 of the board of justices of the municipal court seems to authorize that the trial fee be collected in advance, and it says that it shall not be returned unless the answer be withdrawn before inquest.   But such board has no power to make rules for the imposing of fees.   That is regulated by statute.   The power given by section 1375 of the city charter to make rules does not empower the board to make rules for exacting or keeping fees.   It is a general principle, well understood, that no fees can be demanded or retained by public officers except by the letter of some statute.

By section 1369 of the city charter the fees prescribed by sections 1416 and 1417 of the charter of the former city of New York are retained for the municipal courts.   These sections in prescribing fees for trials have heretofore been invariably construed in actual practice as meaning actual trials and not mere inquests, as is well known to the public and particularly to the bar.   The present instance of charging a trial fee for an inquest is contrary to established practice.   The practice which has grown up in the supreme

court of allowing attorney's costs on an inquest the same as on a. trial, though similar to what is claimed here, is not in point. Such costs are not official fees. Whether it is the custom for county clerks throughout the state to charge their official trial fee of $1 for inquests has not been discussed before me; but if it is I do not think it should weigh on the question of changing the practice and settled meaning of the word trial in municipal and justices' courts. They are the courts of the poor, and it were better if no fees at all were charged there. None should be charged except under the strict letter of the statute.

The application is granted.

