### DE NIGRIS v. BRILL et al.

(Supreme Court, Appellate Term. June 22, 1905.)

1. MUNICIPAL COURTS—JURY FEE—PAYMENT.

Where, in an action in the Municipal Court, plaintiff demanded a jury and paid the fee, as required by Municipal Court Act, § 231 (Laws 1902, p. 1557, c. 580), and the justice, after the jury was summoned and the fees paid out, adjourned the trial to a later date of his own motion for lack of time to try the case, plaintiff was bound to pay a second jury fee in order to obtain a jury on the adjourned day.

2. SAME—COSTS.

Where plaintiff, in an action pending in the Municipal Court, was required to pay a second jury fee because the case was adjourned on the court's own motion without trial, he was entitled to tax the amount so paid as costs, if successful, as Municipal Court Act, § 238 (Laws 1902, p. 1559, c. 580), providing that only one jury fee may be taxed, refers exclusively to a case where the adjournment is had on the application of the party.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giovanni De Nigris against Samuel Brill and others. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Rosario Maggio, for appellant.
E. Sidney Berry, for respondents.

SCOTT, P. J. On the return day the plaintiff demanded a jury and paid the fee required by section 231, Municipal Court Act (Laws 1902, p. 1557, c. 580). It appears from the return that a jury was accordingly summoned for the trial day, and that the clerk paid

out the jury fee which he had received from the plaintiff. Owing
to the large amount of business demanding attention, the justice,
of his own motion, adjourned the trial to a later date. It is to be
assumed, although not expressly so stated, that the jury which had
been summoned to try this case was discharged. On the adjourned
day the justice held that the plaintiff must pay a second jury fee,
or go to trial without a jury. As the plaintiff refused to do either,
his complaint was dismissed without prejudice to another action.
The sole question presented by the appeal is whether or not the
plaintiff, under the circumstances, if he desired a jury, was bound
to pay a second jury fee. The case here presented does not seem
to be provided for by the statute. In the nature of the case, how-
ever, I am of opinion that the justice rightly ruled. The jury fees
are provided for the compensation of the jurors. The first jury
summoned was entitled to receive the fee because it had obeyed the
summons to attend, and was prevented from doing so by no fault
of its own. So, also, the second jury, if one had been summoned,
would have been entitled to its fees, and yet the fee could not be
paid them unless the amount was paid by the plaintiff, since we
have been referred to no other source from which these fees could
be paid. It was simply a misfortune of the plaintiff that circum-
stances prevented the trial on the first day for which a jury was
summoned. I think, however, that if the plaintiff had paid a sec-
ond fee he would, if successful, have been entitled to tax both fees.
Section 238 of the Municipal Court act, which provides that only
one jury fee may be taxed, refers exclusively to a case where the
adjournment is had on the application of a party. When, however,
a cause is adjourned by the justice, without application of either
party, and for the reason and under the circumstances disclosed by
the record, neither party is responsible for the adjournment and the
consequent loss of the jury fee.

The judgment should be affirmed, with costs.

DUGRO, J., concurs.

MacLEAN, J. (dissenting). On the return day the plaintiff de-
manded a jury trial, and forthwith paid his fee, pursuant to section
231 of the Municipal Court act (Laws 1902, p. 1557, c. 580). There-
after the cause was adjourned, not upon application of the parties,
but by order of the court, because of a congested calendar. When
called upon the adjourned day, the justice dismissed the cause for
failure of the plaintiff to pay another jury fee. This was error.
Had the adjournment been at the request of the plaintiff, an ad-
ditional fee might have been imposed (Municipal Court Act, § 238;
Laws 1902, p. 1559, c. 580); but there is no provision in the act for
additional fee in case like the present. If it be urged that it is pro-
vided for by rule 7 of the rules of practice there, viz., "each ad-
ditional venire requires an additional jury fee," it may be answered
that such provision is not within the powers of the board of justices
in their adoption, amendment, or additions in section 1375 of the

Greater New York Charter (Laws 1901, p. 588, c. 466), it was determined that "this does not empower them to create and exact fees." Matter of Hale, 32 Misc. Rep. 104, 105, 65 N. Y. Supp. 449. The rule in such respect is therefore insufficient authority for the imposition of additional fees, and, express provision not therefor appearing, it must be held that their requirement, under the circumstances herein, was improper, and calls for a reversal of this judgment.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.