### YORKE WAIST CO. v. RAINBOW.

(Municipal Court of City of New York, Borough of Manhattan, Ninth District. September 3, 1915.)

1. Costs ⬅157—Municipal Court—Trial Fee—"Trial"—Statute.

   Under Municipal Court Code, § 173, subd. 2, providing that $1 shall be paid to the clerk before or at the beginning of trial as a trial fee, where a case is at issue, and defendant defaults, and plaintiff moves for judgment, by making proof of his cause of action as required by law, the trial fee is payable, since a judicial examination of the issues between the parties, whether of law or of fact, is a "trial," whether or not contested.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 613–617; Dec. Dig. ⬅157.

   For other definitions, see Words and Phrases, First and Second Series, Trial.]

2. Courts ⬅189—Municipal Court Code—Effect on Pending Cases.

   The Municipal Court Code governs the practice in all cases commenced or at issue in such courts prior to its coming into effect on September 1, 1915, as it does not provide that all actions pending at that date shall be carried to final determination under the old law.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬅189.]

Action by the Yorke Waist Company against one Rainbow. Upon defendant's failure to appear, the plaintiff moved for judgment, and the clerk of the court demanded the trial fee of Municipal Court Code, § 173, subd. 2.

Boudin & Liebman, of New York City, for plaintiff.
Joseph R. Brodsky, of New York City, for defendant.

LAUER, J. This case was commenced in this court and was at issue prior to September 1, 1915, when the Municipal Court Code became effective. It appeared on the calendar of this court on the 2d inst., and upon the failure of the defendant to appear the plaintiff asked for judgment by making proof of his cause of action, as he is required by law to do where an answer has been filed controverting certain issues raised by the complaint. The clerk of the court having demanded the trial fee of $1 pursuant to subdivision 2 of section 173 of the Municipal Court Code, I have decided that the fee is proper, and it seems expedient to hand down this memorandum, which would serve as a guide for the clerks and the bar on future similar occasions.

The section of the Municipal Court Code under which the fee was demanded by the clerk reads as follows:

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*"Fees Payable to the Clerk.* There shall be paid to the clerk the follow-ing sums as court fees in an action, and there shall be no others: * * *
II. Before or at the beginning of the trial, as a trial fee, $1."

[1] Two questions are presented: First, was this·a trial? and sec-ondly, does the section apply to causes at issue prior to September 1, 1915? In regard to the first question, I am of the opinion that it was a trial within the usually accepted definition of that term. Under Code of Procedure, § 252, a trial was defined as "the judicial exami-nation of the issues between the parties, whether they be issues of law or of fact." This definition seems to have been accepted by the court (Mora v. Great Western Ins. Co., 10 Bosw. 622, 623), and, ir-respective of the Code, is a fair statement of what is usually under-stood by that term. In the Mora Case, just cited, it was held that:

A judicial examination does not contemplate necessarily "a laborious or contested inquiry. In the absence of either party, where an issue has been joined, it is the duty of the court to 'examine' what it is, in order to give' the proper judgment."

In the case of People ex rel. Kempner v. Wilson, 34 Misc. Rep. 273, 68 N. Y. Supp. 850, a writ of mandamus was sought against a clerk of the Municipal Court to compel him to return a trial fee, which it was claimed he had unlawfully exacted. It was contended by the relator that no trial had taken place because the defendant had defaulted, and the plaintiffs had been obliged merely to prove their cause of action by inquest. The court held that this position was un-tenable and says:

"The plaintiffs recovered only after proof of the facts and examination of the issues by the justice. What occurred amounts in law to a trial for all the purposes of costs"—citing Mora v. Great Western Ins. Co., supra, and other cases.

There are two cases which from a cursory examination might lead to a somewhat different conclusion. Both cases are decided by Judge Gaynor at Special Term. The first is the Matter of Du Bois, 36 Misc. Rep. 488, 73 N. Y. Supp. 939, in which it was held that a clerk of the Municipal Court, acting under a rule of the Board of Justices authorizing a trial fee, which rule had been adopted pursuant to al-leged power contained in the charter, was without such authority, as the board had no power to make rules imposing fees. It was held that that was a subject which could only be regulated by statute. It is true that the opinion goes further, and declares the opinion of the learned judge that, where the pleadings are oral, the proof which the plaintiff was required to make, where the defendant failed to appear for the trial, in order to establish his case, did not as a matter of fact constitute a trial. The learned justice further states in his opinion that costs are not official fees; but it seems to me that, while admitting the correctness of that statement, a trial which is a trial for the pur-pose of costs must be a trial for the purpose of fees. I cannot see a real distinction in designating something as a trial for the purpose of costs, and calling the same thing not a trial, but an "inquest," for the purpose of excusing the payment of a trial fee, which by statute the clerk is obliged to collect. Section 173, M. C. C.

The other case is the Matter of Hale, 32 Misc. Rep. 104, 65 N. Y. Supp. 449, in which the defendant had not joined issue. It was there held that the taking of an inquest in that case did not constitute a trial, and did not authorize the exaction of the trial fee. With that conclusion I concur. Under the present practice the taking of judgments is somewhat different than it was under the practice as it existed in the court before September 1st. The taking of judgments now is more analogous to the manner in which judgments are taken in the Supreme Court. The clerk is now empowered to enter judgments by default, either where the pleadings are oral or written where the defendant fails to file an answer. Section 80 of the Municipal Court Code assimilates the practice in this court to that of the Supreme Court, and permits the entering of judgments by default without application to the court in the following instances: Where a verified complaint has been served with the summons, and the defendant is in default, the judgment is forthwith entered by the clerk; but where no verified complaint is served with the summons, and the amount demanded is possible of ascertainment by computation only, the clerk, upon application of the plaintiff, ascertains the damages, computes them, and thereupon enters judgment. Where, however, the damages are not ascertainable by computation, in lieu of having the damages ascertained by a sheriff's jury, as in the Supreme Court, the Municipal Court Code provides that in such cases plaintiff can only obtain judgment upon application to the court and the proving of his cause of action.

In none of these cases do I think that a trial has occurred, because in none of them is an issue presented. At most, in the last case mentioned it may be said to be an application to the court for a judgment, which under the definitions in the Code of Civil Procedure would really be a motion, and not a trial. Mora v. Great Western, 10 Bosw. 627, and cases there cited. So, too, it may be held that, where the *plaintiff* defaults after the case is at issue and on the calendar for trial, the application of the defendant for judgment dismissing the complaint on the failure of the plaintiff to appear is a trial, and requires the payment of the fee.

[2] The other question to be considered is whether the Municipal Court Code section is applicable to cases commenced or at issue prior to September 1, 1915. The Legislature did not see fit to provide that all actions pending at the date of the taking effect of the new law should be carried to final determination under the provisions of the old law, and therefore, in the absence of any provision to the contrary in the statute, it seems to me it must be held that the practice prescribed by the Municipal Court Code governs in all cases pending on September 1st, regardless of when they were commenced. Section 173 places a present obligation upon the clerk to collect the fees specified.

.I conclude, therefore, that in all cases which are at issue, and it is necessary for the plaintiff to apply to the court for judgment upon the defendant's default, there must be held to be a trial, and the clerk is obliged to secure the trial fee of $1 specified in Municipal Court Code, § 173.