ARCADIA HOSIERY Co., INC., Plaintiff, *v.* C. STANLEY FINE,, etc., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, February 1, 1930.

*Adolph G. Kraus,* for the plaintiff.

*Miller & Feldman* [*Louis Feldman* of counsel; *Isidore Paul* with him on the brief], for the defendant.

LEWIS, J. Pursuant to rule 113 of the Rules of Civil Practice, summary judgment may be awarded when " an answer is served." This rule specifically provides for the statements by affidavit of the plaintiff or any other persons having knowledge of the facts verifying the cause of action. From a mere reading of this rule, we gather that this disposition of an action involves a judicial examination of the issues sought to be raised and also of the evidence submitted to the court. The affidavit upon the original motion for summary judgment here involved incorporates certain evidentiary matters which are put into dispute by the opposing affidavits.

A trial is commonly defined as the judicial examination of the controversy presented. This term (as applied to litigation in the Municipal Court) has been the subject of judicial interpretation.

" The former Code (§ 252) defined a trial as a ' judicial examination of the issues between the parties,' and such an examination was had in the Municipal Court. The plaintiffs recovered only after proof of the facts and examination of the issues by the justice. What occurred amounts in law to a trial for all the purposes of costs." (See *People ex rel. Kempner* v. *Wilson*, 34 Misc. 273, at p. 274.)

In *Pape* v. *Tomoor* (123 N. Y. Supp. 924) our Appellate Term held that after a verified answer was filed and an inquest taken upon the trial day because of the default in appearance of the defendant, the plaintiff was entitled to a full bill of costs stating, " There was a trial ' of an issue of fact raised by appearance and answer of the defendant.' "

Writing on this very subject, I find one of my colleagues (to whom I can in all propriety refer as an authority on Municipal Court practice and procedure), Mr. Justice LAUER, states: " a judicial examination does not contemplate necessarily a ' laborious or contested inquiry in the absence of either party where an issue has been joined. It is the duty of the court to " examine " what it is in order to give the proper judgment.' " (Quoting from *Mora* v. *Great Western Ins. Co.*, 10 Bosw. 622, 623.) " * * * It may be held, that where the *plaintiff* defaults after the case is at issue and on the calendar for trial, the application of the defendant for judgment dismissing the complaint on the failure of the plaintiff to appear is a trial, and requires the payment of the fee." (*Yorke Waist Co.* v. *Rainbow*, 154 N. Y. Supp. 990, 992.)

The court is, therefore, of the opinion that judgment rendered upon application to the court pursuant to rule 113 of the Rules of Civil Practice involves a trial (so far as costs may be involved) in the sense in which this word is used in section 164 of the Municipal Court Code; and that the plaintiff is entitled to costs accordingly.

Motion denied.