SWEET.
v.
COON

SWEET AND ANOTHER *against* COON.

A defendant in a justice's court, who has been served with a summons, may plead and make his defence, if he appear before the justice has entered upon the trial of the merits of the cause; and the justice has no authority to enter his default for not appearing, on being called before the trial.

IN error, on *certiorari* to a justice's court.

The defendant in error brought an action in the court below, against the plaintiffs in error. The summons was returnable at one o'clock in the afternoon, when the plaintiff below, and the justice attended, and having waited until about 3 o'clock, the justice called the parties; the plaintiff answered, but the defendants did not appear. The plaintiff then declared verbally against the defendants, and whilst the justice was writing his declaration down, and had nearly finished it, *Sweet*, one of the defendants, came into the room, and was told by the justice that he had come too late, as he had been called and defaulted, and the plaintiff's counsel informed him that he could not make any defence in the suit, but could only give evidence in mitigation of damages. The plaintiff then produced witnesses in support of his demand, but the proof was illegal and insufficient; the justice, however, gave judgment for the plaintiff below, the defendant in error.

*Per Curiam.* It is to be inferred from the return, that *Sweet*, one of the defendants, when he did appear, claimed the right of defending the cause, on its merits, but was precluded by the justice, on the ground that he had been called, and his default entered. In this the justice erred. He had barely commenced the trial; had not yet finished noting down the plaintiff's declaration, and could not be said to have entered on the merits of the cause. The act (1 *N. R. L.* 388.) only directs, that if the defendant does not appear to a summons personally served on him, at the time and place appointed in such summons, the justice shall then, or at such other reasonable time as he may appoint, not exceeding six days, proceed to hear the proofs and allegations of the parties. The act does not speak of any default being entered which can preclude the defendant from making a defence. The defendant was, then, in season to answer the

declaration, and before any testimony was given; and if the plaintiff, after hearing the defendants' plea, had wanted an adjournment, or a jury, it would not have been too late for him to have claimed it; nor could he in any way have been prejudiced by the defendants not appearing before. The judgment must, therefore, be reversed on this ground, without noticing the defect of proof in making out any cause of action against the defendants.