Allen v. Stone.

---

SCHENECTADY GENERAL TERM, May, 1850.   *Cady, Paige, Willard, and Hand,* Justices.

### ALLEN *vs.* STONE.

It is a general rule that the time for the appearance of a defendant served with a summons issued by a justice of the peace, shall not be less than six nor more than twelve days, and that the summons shall be served at least six days before the time of appearance mentioned therein. This rule is *prima facie* applicable to all cases, unless the party can show to the justice such facts as will authorize a summons of a different character to be issued.

Allen *v.* Stone.

Where the return of a justice to a certiorari, shows no fact authorizing him to issue a summons returnable in two days, it will be held *prima facie* that a summons thus issued was issued without authority.

It can not be inferred that the defendant was a non-resident of the county, where there is no fact stated in the return to warrant that supposition.

Where the defendant is a non-resident of the county, and the plaintiff is also a non-resident, he is not entitled to a short summons, without proof of that fact, and giving security for the payment of any sum which may be recovered against him.

A justice should wait an hour after the time when a summons is returnable, before he proceeds to swear witnesses in the cause.

Where there is nothing in a justice's return, upon certiorari, to show that the defendant did not appear within an hour after the summons was returnable, a decision rejecting a plea to the jurisdiction, on the ground that the defendant did not appear in time, is erroneous.

Where a short summons has been issued by a justice in behalf of a non-resident, without the necessary security having been given, the justice should nonsuit the plaintiff the moment that fact is made known to him.

A defendant, by pleading the general issue, after the defence first offered by him has been overruled by the justice, does not waive the objection which has been thus overruled.

THIS cause originated in a justice's court, where Stone was plaintiff and recovered judgment. Allen carried the cause by *certiorari* to the Washington common pleas, where the judgment was affirmed, and the cause was removed into this court by writ of error. The return showed the following facts: a non-resident plaintiff; a resident defendant; a short summons issued; no *affidavit* made of the plaintiff's non-residence, nor any *security* for costs given. The defendant immediately on appearing distinctly objected that no affidavit had been made or security given. The court overruled this objection, and decided that the defendant " *appeared too late for any other purpose than to cross-examine the plaintiff's witnesses in mitigation of damages.*"

*Jas. Gibson*, for the plaintiff in error.

*E. F. Bullard*, for the defendant in error.

Allen *v.* Stone.

*By the Court,* CADY, J. Roby G. Stone was plaintiff, and Joseph Allen was defendant in the action before the justice, and I shall so distinguish them in the following opinion.

On the 22d day of November, 1845, James McIntyre, one of the justices of the county of Washington, on the application of Harvey Chalmers on behalf of the plaintiff, issued a summons against the defendant returnable on the 24th day of that month, at one o'clock in the afternoon. The summons was returned personally served, on the day it was issued. On the return day of the summons, the plaintiff appeared by his attorneys, Harvey Chalmers and Enoch Keelland, and declared against the defendant, who did not appear until the testimony on the part of the plaintiff was closed. Up to that time nothing had been done to give the justice any right to proceed to the trial of the cause. The statute (2 *R. S. 2d ed.* 228, § 14) requires that the time for the appearance of a defendant served with a summons shall be not less than six nor more than twelve days from the date of the summons, and § 15 requires that the summons shall be served at least six days before the time of appearance mentioned therein. This is the general rule, and prima facie it is applicable to all cases ; and a party applying to a justice for a summons must be content with one according to the above rule, unless he can show to the justice such facts as will authorize a summons of a different character to be issued. The return of the justice in this case shows no fact which authorized him to issue a summons against the defendant returnable in two days after it was issued. Prima facie, therefore, it was issued without authority.

On the part of the plaintiff it is insisted, that the suit before the justice was regularly commenced, supposing that the defendant was a non-resident of the county of Washington ; but there is no fact stated in the return to warrant that supposition. The summons was issued in the county of Washington, to a constable of that county, the defendant was found in that county, and the presumption is that he resided there ; and the evidence in the cause shows that that was the place of his residence. If the defendant had been a non-resident of the county

of Washington, the plaintiff, being a non-resident of that county, was not entitled to a short summons without proof of that fact, and giving security for the payment of any sum which might be recovered against him. (2 *R. S. 2d ed.* 160, § 17 ; 201, § 291.)

The summons in this case was returnable at one o'clock in the afternoon, and it appears from the justice's return, that at the time and place specified for the return of the said summons, the attorneys for the plaintiff appeared and declared in the cause, and that the justice proceeded to swear and examine witnesses on the part of the plaintiff, although the defendant had not appeared. The justice ought to have waited an hour after the summons was returnable before he proceeded to swear witnesses in the cause.

The fair inference from the return is, that the justice did not wait any time after the summons was returnable, but proceeded at one o'clock to examine witnesses. That the justice proceeded to the trial of the cause too soon, has not been made a ground of complaint, and it is only alluded to for the purpose of showing that the justice's return furnishes no evidence that the defendant, by any delay in appearing, had not the right to make any defence he chose. The return of the justice shows, that after the evidence on the part of the plaintiff was closed, the defendant appeared by James Gibson his attorney, and objected to any further proceedings in the suit, on the ground that no security had been given for the defendant's costs, nor any proof made that the plaintiff was a non-resident, so as to entitle him to a short summons. The court overruled the objection, and stated that the defendant appeared too late to offer a plea to the jurisdiction, or to object to the proceedings in the cause, and stated that he thought an affidavit or security for the defendant's costs unnecessary. Why was the defendant too late? There is nothing in the return showing that he did not appear within an hour after the summons was returnable.

The justice erred in deciding that the defendant had appeared too late to make any defence he pleased. He erred in deciding that it was not necessary that the plaintiff should have proved

that he was a non-resident of the county of Washington, and have given the security required by statute. The moment the fact was made known to the justice, that the plaintiff was a non-resident of the county and had not given the necessary security, he ought to have nonsuited him.

Although the defendant pleaded the general issue after the justice had overruled the defence first offered by the defendant, he did not thereby waive the objection which had been over-ruled. The justice would only allow the defendant to plead the general issue in mitigation of damages ; and the justice also decided that the defendant appeared too late in the cause for any other purpose than to cross-examine the plaintiff's witnesses in mitigation of damages. This was a repetition of the error in restricting the defendant in his defence, and I am of opinion that the judgment of the common pleas and of the justice ought to be reversed.

                                        Judgment reversed.

