## MOFFATT vs. FORD & POWERS.

A cause was reached, at the circuit, and called on for trial by the defendants; whereupon the plaintiff applied for a postponement, which was denied. He then gave notice of discontinuance, and made a tender of costs. Ten days afterwards, but during the same circuit, the judge at the circuit made an order dismissing the complaint, with costs, and directing an extra allowance. *Held* that the judge had jurisdiction to make the latter order.

APPEAL from an order, dated 23d April, 1850, made at circuit, dismissing the complaint with costs, and directing an extra allowance. On the 13th of April the cause was reached, and called on for trial by the defendants, who were ready, with their witnesses in attendance. The plaintiff applied for a postponement, which was denied. He then gave notice of discontinuance, and made a tender of costs. Ten days afterwards, but during and at the same circuit, on reading sundry affidavits, which were not set forth in the case, and on hearing counsel on both sides, the order appealed from was made.

*J. T. Brady*, for the appellant

*B. D. Silliman*, for the defendants.

*By the Court*, ROOSEVELT, J. Had the judge at circuit jurisdiction to make the order appealed from ? He certainly had on the day when the trial was called on. But the motion, it seems, was not then made; and the cause, for that reason, it is said, as to the circuit was out of court.

The universal practice is at variance with this idea. Motions are continually made at circuit in causes which have been passed on the calendar. Besides, the circuit, as now constituted, has jurisdiction, not to *try* a cause merely, but to render a *judgment*, whether of dismissal or otherwise, " as the case (in the opinion of the judge) may require." (*Code*, § 258.)

Waiving this point, it is said the notice of discontinuance ousted the jurisdiction. One of the cases cited by the plaintiff himself, (*Morrison* v. *Ide*, 3 *Code Rep.* 27,) decides that such a

notice, without payment or tender of costs, is a nullity. Who then was to determine the extent of this condition, and whether it had been performed? Who, if not the judge at the circuit, before whom the issue was pending for trial and judgment? No plaintiff can discontinue without the consent of the adverse party, or the leave of the court. No such consent in this case was given, and no such leave granted, except on payment of the prescribed allowance. The cause, therefore, was still in court and still on the calendar of the circuit; and for aught that appears, (the contents of the affidavits not being stated,) the judge on the 23d treated it as brought on for trial, and with the notice of discontinuance before him, which he had a right to consider as equivalent to an admission of no cause of action, and as a waiver of a jury trial, (*Code,* § 266,) rendered that judgment which "the case (in his opinion) required." (*Id.* § 258.) Whether his judgment was right or wrong, is not the question. The question is simply, had the judge jurisdiction? That he had, we think has been clearly shown. Admitting, however, that the merits were sufficiently disclosed to be the subject of review, what points do they raise?

*First*, it is said that there was no trial, and that without "a trial has been had," (*Code,* § 308,) there can be no per centage. But within the spirit, if not the letter of the code, there was, we think, a trial, for all the purposes of warranting the allowance by way of indemnity to the defendant "for his expenses in the action." Can a plaintiff, after putting a party to all the expenses of a trial, deprive him of the indemnity provided by law, merely by discontinuing at the moment of calling the jury? Such a construction of the code would be to suppose that its framers attached more importance to form than substance.

But *secondly*, an allowance of a per centage may be made, without a trial being had, "in any case, where the prosecution has been unreasonably or unfairly conducted." And is not a discontinuance, unexplained, after repeated notices of trial, one of the indications of such a prosecution? Besides, how does it appear that the affidavits on which the order was founded did

not disclose ample evidence to justify the judge in arriving at that conclusion ?

The order appealed from must therefore be affirmed, with costs.

[NEW-YORK GENERAL TERM, February 7, 1853. *Edwards, Mitchell* and *Roosevelt,* Justices.]