# SUPREME COURT.

## ELIJAH JONES agt. BILLINGS T. CASE.
## SAME agt. SAME.

An *order* made at the circuit, before trial, that "the defendant pay forthwith the amount demanded in the complaint and the costs of the action to be taxed; and that the plaintiff should not move his action for trial, unless the defendant failed to pay forthwith such damages and costs," *is appealable,*

Where a defendant insists upon a defense, until his cause is called and moved for trial by the other party, he cannot then put an end to the action by payment, without being liable to pay a *trial fee* if the plaintiff insists upon it.

*Seventh Judicial District, General Term, December,* 1869.
*Present,* JOHNSON, J. C. SMITH *and* DWIGHT, *Justices.*

THE two causes were reached in a regular call of the calendar, and moved for trial by the plaintiff; the defendant thereupon moved, that the plaintiff be restrained from proceeding to trial and judgment, alleging that he was then ready and willing to pay the amount demanded in the complaint, and wished to avoid paying a trial fee. The plaintiff opposed the motion, and insisted upon his right to go to trial, and to have his trial fee, at that stage of the actions.

The court granted the motion and made an order which was duly entered, that the defendant should pay forthwith, the amount demanded in the complaints, respectively, and the costs of the actions to be taxed, and that the plaintiff should not move his actions for trial, unless the defendant failed to pay forthwith such damages and costs. From these orders the plaintiff appealed to the general term. The defendant made a motion to dismiss the appeals and this motion and the appeal from the orders were heard together.

It appeared from the moving and opposing affidavits on

this motion, that after the order was made, the court proceeded and took up other causes later on the calendar. The defendant then applied to the plaintiff, to take his promissory note, and give him further time, which the plaintiff refused to do; no money was paid, or offered, or showed to the plaintiff or his attorney by the defendant, but after the refusal of the plaintiff to take his note, the defendant delivered to, and left with the county clerk, then in court, and clerk there, the check of a third person upon a bank in Canandaigua where the circuit was being held, for the amount of the damages demanded in the complaints. The plaintiff did not have his costs taxed, and made no demand, for the damages and costs, and declined to take the bank check from the clerk. The causes were not reached again on the calendar until the following Friday, at which time the plaintiff had gone home with his witnesses, and his attorney was in no situation to move the causes, and they went over. The actions had both been pending about a year, and had been on the calendar at two previous circuits.

J. CALLISTER, *for plaintiff,*
E. G. LAPHAM *for defendant.*

*By the Court,* JOHNSON, J.—The orders appealed from not only affected a substantial right, but they were designed and intended to determine the actions, and prevent a judgment. They are, therefore, clearly appealable. It is the clear legal right of a plaintiff when his cause is reached upon the regular call of the calendar, to move it for trial, and to proceed to trial and judgment, unless some reason is shown for postponing the trial to a future time. The defendant here did not wish to postpone. He had no defense and did not want any trial at all, all he asked for was to stop the trial and not allow the plaintiff to have any trial, or judgment, and this was what was granted by the order, a conditional order was made as a substitute for the

judgment, to which the plaintiff was entitled, the defendant having no defense. The plaintiff could not enforce the order, and could not be required to accept it as a substitute for a judgment. The object of the defendant appears to have been to get rid of the trial fee in the actions. But we are clearly of the opinion, that if he had paid according to the order, the plaintiff would have been entitled to his trial fee.

When a defendant insists upon a defence until his cause is called, and moved for trial, by the other party, he cannot then put an end to the action by payment, without being liable to pay a trial fee, if the plaintiff insists upon it; a different rule would encourage sham defenses to postpone the payment of just debts. A defendant by such a course, puts a plaintiff to all the trouble and expense of a trial, and should be required to pay the trial fee. Moving the case for trial, under such circumstances, is equivalent to a trial. It is part of the trial of every cause tried. The discontinuance of the action by a plaintiff, after the cause has been called and moved for trial by a defendant, would clearly entitle the latter to charge a trial fee as part of his costs. (*Pomeroy* agt. *Hulin*, 7 *How.*, 163; *per* ALLEN J. *Moffat* agt. *Ford*, 14 *Barb.*, 577). The motion to dismiss the appeal must therefore be denied, and the order appealed from, reversed, with costs of the appeal.