## Theodore S. Allen v. Rensselaer Mills.

*Judgment: Parties: Jurisdiction.* Where it appears by the transcript of a justice's judgment that the action was brought against two defendants, upon a joint promissory note purporting to be signed by both defendants, but service was had on one only, the process being returned as to the other not found, and that the judgment was rendered against the one served alone, this error is not one going to the jurisdiction, and does not therefore affect the validity of the judgment, when attacked collaterally.

*Justice's summons: Residence: Long summons: Short summons.* Under our statutes (*Comp. L.*, *1857*, §§ *3665*, *3668*, *3669*), a long summons only is authorized where both plaintiff and defendant are residents of the county; and a short summons only is authorized where either party is a non-resident of the county; and objection may be well taken, in the suit itself, to the validity of an unauthorized summons in this regard.

*Judgment: Transcript: Jurisdiction: Short summons: Residence: Presumption.* In an action upon a justice's judgment, the fact that the transcript of such judgment shows that it was commenced by short summons, and that defendant did not appear, will not, under our statutes,—which do not require the fact of residence to be proved before the justice or entered upon the docket,—affect the validity of the judgment sued upon, where nothing appears upon such transcript as to the residence of any of the parties; it will not be presumed, in the absence of proof, for the purpose of defeating jurisdiction, that both parties were residents of the county.

*Submitted on briefs October 19.    Decided November 7.*

Error to Washtenaw Circuit.

*Lawrence & Frazer*, for plaintiff in error.

*H. J. Beakes*, for defendant in error.

Christiancy, Ch. J.

This was an action of debt, brought by Mills against Allen, before a justice of the peace in Washtenaw county, upon a judgment in his favor, against Allen, rendered by a· justice of the peace in Lenawee county.

On the trial this judgment was proved (under objection), by a transcript from the docket of the justice who rendered it; and upon this proof the justice rendered a judgment against Allen, for the amount of the first judgment, interest, and costs.

The case was then removed to the circuit court for the county of Washtenaw, where the judgment of the justice was affirmed, and the case now comes to this court by writ of error.

The only questions in the case, arise upon the validity of the first judgment, rendered by the justice in Lenawee county, as shown by the transcript given in evidence on the trial.

By this transcript it appears that the original action was brought against the defendant and one Stephen Allen, the summons being served upon this defendant, the other, as appeared by the return, not being found; and that the declaration was upon a joint (not joint and several) promissory note, purporting to be signed by this defendant and one Stephen Allen, and that the judgment was rendered against the defendant, Theodore S. Allen alone, and not against both, as it should have been under the statute.— *Comp. L., 1857,* § *3781.* This is one of the errors assigned. But though it was an error for which the judgment might have been reversed on *certiorari,* or perhaps on special appeal, it was not one which went to the jurisdiction of the justice, and therefore not one for which the judgment could be collaterally attacked in the action founded upon it, while it remained unreversed.

But it further appeared from the transcript of the docket, that the cause was commenced by a summons issued on the 3d day of August, returnable on the 5th day of the same month (in other words a short summons); that the defendant did not appear, and the docket, as to the residence of any of the parties, was silent. And, in this state of facts appearing from the docket, the plaintiff in error insists, that no fact appearing to authorize the issuing of a summons, returnable in less than six days, the justice must be held not to have acquired jurisdiction of the defendant, and that the judgment is therefore void.

The general rule fixed by the statute for the length of time a summons is to run, where both parties reside in the same county, is not less than six, and not more than twelve days from its date:—*Comp. L. 1857*, § *3665*. But this section construed, with reference to the subsequent *sections, 3668* and *3669,* is confined to cases where both plaintiff and defendant are residents of the county, as the sections last referred to provide, that whe neither the plaintiff or defendant is a non-resident of the county, the summons may be made returnable " not less than two, nor *more* than four days from the date thereof."

Now, it is quite clear under these provisions, that if both plaintiff and defendant are residents of the county, the long summons is authorized and the short summons is not; and if either is a non-resident, then the short summons is authorized and 'the long one is not; and the defendant, if served in either case with the summons not authorized by the statute, would have the right to object to its validity in some way and at some time, at least in the cause itself before the justice, or on appeal, or *certiorari ;* but whether, if he does not so raise it, he can object for the want of jurisdiction, when sued upon the judgment, and that without any proof of the residence or non-residence, when the docket is silent upon it, is quite a different question. Suits may be instituted in either way, and the validity of the summons will depend upon the question of residence. In case of a long summons, can we, to defeat the jurisdiction, presume that either party was a non-resident, where a long summons has been issued, because the fact of residence is not made to appear upon the docket? This will hardly be contended.

Can we, on the other hand, when the summons has been a short one, presume, for the purpose of defeating the

jurisdiction, that both parties were residents, because the record does not show the non-residence of either? It may be, and doubtless is, true that in a considerable majority of cases before justices, both parties are residents, and yet the cases must be very frequent where one or the other is not. The justice is equally authorized to hear both classes of cases, as the residence or non-residence has nothing to do with the nature of the cause of action, both equally coming within his general jurisdiction in this respect.

If the statute required any evidence to be given before the justice, showing the residence or non-residence, and the entry of such fact upon the docket, or its preservation among the files, and no such entry appeared in the docket, nor was shown by the files, and there was nothing in the return to show that such proof had been given, then the statute not being complied with, it would be sufficient to say, the statute required the fact to be proved, upon which the jurisdiction depended, and as it does not appear in the return, it is not shown, and the judgment is a nullity.

It was held in *Allen v. Stone, 9 Barb., 60,* that the provision of the New York statutes, requiring *a long summons* (which in this particular provision was the same as ours), was *prima facie* applicable to all cases, unless the party can show *to the justice* such facts as will authorize a summons of a different character, and that when the *return* of the justice to *a certiorari* shows no fact authorizing him to issue a summons returnable in two days, it will be held, *prima facie,* that a summons thus issued, was issued without authority, and that it cannot be inferred that the defendant was a non-resident of the county, when there is no fact stated in the return to warrant that supposition. But there was an express statute, applicable to that case, by which the plaintiff, to entitle himself to a short sum-

mons, was required to prove the fact of his non-residence, and to give security for the payment of any sum which might be recovered against him.

Besides, the questions there arose in the cause itself, upon *certiorari ;* and the case, although unquestionably good law under their statute, is therefore no authority for the proposition that the judgment can be collaterally attacked under a statute which requires no such proof.

While our statute makes provision for the issuing of a short summons, of not less than three days, when the first summons issued is returned not served, it has, in effect, made the return of non-service the evidence upon which a short summons may issue in that particular case.—*Comp. L., 1857, § 3667.*

In providing also for the issuing of an attachment, as well as a warrant, it has required proof by affidavit, of the requisite facts upon which alone such process is allowed to issue. But these are special and peculiar cases, not commenced by the ordinary process applicable to cases generally, which in personal actions, and all actions except replevin, is a summons.

But while the statute has made the residence or non-residence the test, whether the summons shall be a long or short one, it has made no provision for the proof of this fact before the justice, as a prerequisite to the issuing of a long or a short summons, nor required any security to be given, as in the New York statute, in the case above cited; nor has the statute required the statement of the fact, one way or the other, to be entered upon the docket, or to appear among the files. The statute, therefore, furnishes a strong inference that it was not the intention to require this fact, or the jurisdiction depending upon it, to be shown in order to sustain the judgment.

Can this court, when the question arises collaterally,

require, in order to sustain the jurisdiction, that such fact shall not only be proved before the justice, but appear upon his docket, when the legislature has not seen fit to require either? I think not. Either the justice is left to ascertain the fact in the best way he can, and to determine it, or the plaintiff takes the summons at his own risk. We need not, in this case, decide which is the true view of the statute; nor need we decide whether, in this action upon the judgment, it would be competent for the defendant to show, for the purpose of defeating it, that the parties were residents of the county. It is sufficient for the present case to say, that no such evidence was given, or offered, in this case, and that without it, we are, in our opinion, bound to presume, in support of the judgment, that the facts existed which would authorize the issuing of the short summons. This conclusion is sustained by the following cases in New York:—*Hoose v. Sherrill, 16 Wend., 33; Bromley v. Smith, 2 Hill, 518;* and *Barnes v. Harris, 4 Comst., 375.* See, also, *Rash v. Whitney, 4 Mich., 495.*

This conclusion being in accordance with the judgment of the circuit court, that judgment must be affirmed, with costs.

The other Justices concurred.