# N. Y. MARINE COURT.

## HENRY J. EHLERS agt. THOMAS WILLIS.

*Discontinuance of action — Trial fee — Costs — Cause on day calendar but not reached and moved on, no trial fee is recoverable.*

Where a cause is reached on the day calendar and moved for trial neither party can withdraw from the cause without being liable for the trial fee. But if the cause is not reached and moved on, no trial fee is recoverable.

*Special Term, June,* 1882.

Ehlers agt. Willis.

THE defendant offers to pay the plaintiff's demand and costs and applies to be relieved from the litigation on paying the same into court, the plaintiff having refused to accept the amount tendered. The real contention, however, grows out of the dispute whether the plaintiff is entitled to a trial fee under the following circumstances : The case appeared upon the day calendar May 23, 1882, and both parties answered ready. Before the cause was reached for trial it was marked "Inquest" in consequence of a proposition for settlement made by the defendant. The inquest, however, has not been taken.

McADAM, *J.* — It is clear that no trial has been had within the meaning of that term as employed in the Code (28 *How. Pr.*, 184 ; 2 *Hun*, 443 ; 5 *T. & C.*, 52 ; 35 *How.*, 410 ; 10 *Bosw.*, 622). The issues have not been examined by the court and remain upon the calendar undisposed of. The plaintiff for this reason is not in a position to enter judgment, nor can he do so until the issues have been finally disposed of in one of the modes allowed by law. A party may, therefore, settle or discontinue an action while upon the day calendar, and before it is reached for trial, without paying a trial fee (*Sutphen* agt. *Lash*, 10 *Hun*, 120). But if he waits until the cause is called and moved for trial he must pay the trial fee or he cannot prevent the adverse party from proceeding with the trial, moving the case for trial under such circumstances being deemed equivalent to a trial (*Jones* agt. *Case*, 38 *How. Pr.*, 349). The plaintiff, under these authorities, should have moved his case for trial when reached, and unless the defendant paid the plaintiff's demand and costs prior to that time the plaintiff ought to have pressed his action to a judicial determination by verdict or inquest taken then and there, and in this way have preserved his right to the trial fee. The defendant could not have stopped the trial when once moved on, except by the payment of the claim with the trial fee and other costs. The plaintiff did not wait until the case was

reached for trial and then move it on as he ought to have done, but contented himself with having his case marked "Inquest" on the calendar, and this mark the plaintiff now insists is equivalent to the term "trial" as used in the Code (*See* 15 *Johns.*, 86 ; 16 *id.*, 180 ; 12 *Wend.*, 150 ; 9 *Barb.*, 60). The case, in 38 *Howard* (*supra*), extends the rule as far as it can be carried without enlarging the term "trial" beyond its legitimate meaning. In a note to *Robbins* agt. *Judd* (1 *Abb. N. C.*, 133) it is said that CURTIS, C. J., decided that a trial fee was properly taxable when a cause was discontinued while upon the day calendar, although it had not actually been called for trial. This ruling is in direct conflict with the practice as laid down in *Sutphen* agt. *Lash* (*supra*), and goes beyond that laid down in *Jones* agt. *Chase* (*supra*). If this decision is carried to its logical sequence each day a cause is upon the day calendar must be regarded as part of the time employed in the trial, so that if the case is upon the day calendar more than two days the plaintiff is entitled, in the event of a settlement, to forty dollars trial fee whether the case is actually tried or not Such would have to be the construction placed upon section 3251, subdivision 3, under the operation of this ruling. I have concluded to follow the ruling in *Sutphen* agt. *Lash* (*supra*) and hold that the plaintiff is not entitled to the trial fee claimed.