### LOCKWOOD v. SALMON RIVER PAPER CO. *et al.*

*(Supreme Court, General Term, Third Department.* November 22, 1892.)

COSTS—TRIAL FEE—DISMISSAL.

> Where plaintiff serves notice on defendants of the discontinuance of a cause before it is reached on the calendar of the court or moved for trial, and no further proceedings are taken in such cause at that circuit, but at a subsequent special term it is dismissed, defendants are not entitled to a trial fee.

Appeal from special term, Franklin county.

Action by Sarah E. Lockwood against the Salmon River Paper Company, Frederick D. Kilburn, as trustee for certain creditors of the Clark-Neergaard Company, and others. From an order denying plaintiff's motion for a retaxation of costs, plaintiff appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*John I. Gilbert,* for appellant. *McClary & Paddock, (Frederick G. Paddock,* of counsel,) for respondent Salmon River Paper Co. *Cantwell & Cantwell, (William P. Cantwell,* of counsel,) for respondent F. D. Kilburn.

PUTNAM, J. The affidavits show that this case was upon the calendar of the Franklin county circuit, in March, 1892, and upon the call of the calendar was announced as ready for trial, but, before it was reached or moved for trial, plaintiff served upon defendants a notice of discontinuance, and no further proceedings were taken in the case at that circuit. At a subsequent special term an extra allowance was granted to each of the defendants, and an order entered discontinuing the action. The defendants might have insisted upon moving said cause when it was reached on the calendar, and in having said cause dismissed at the circuit, and in that case would have been entitled to a trial fee. The service of the notice of discontinuance without an order being entered did not stay defendants' proceedings; but, as the cause was not in fact moved or dismissed at the circuit, I am unable to see how a trial fee can be properly allowed. *Sutphen* v. *Lash,* 10 Hun, 120; *Studwell* v. *Baxter,* 33 Hun, 331; *Oelberman* v. *Rosenbaum,* (Sup.) 4 N. Y. Supp. 210; 2 Rum. Pr., and cases cited. In *Jones* v. *Case,* 38 How. Pr. 349, the cause was reached and moved for trial. See *Ehlers* v. *Willis,* 63 How. Pr. 341.

The distinction between *Jones* v. *Case* and the present action is apparent.· In· this case, on the regular call of the calendar, it was announced as ready for trial. Afterwards a notice. of discontinuance was served, and nothing further was done with the cause at that circuit. In *Jones* v. *Case* the cause· was actually reached and moved for trial, and the court held that moving a cause for trial was equivalent to a trial under the circumstances. The orders should be reversed, with costs and printing in each case, and the motions for retaxation in each case granted, with costs. But, as the defendants are entitled to a calendar fee for the term in question, to save the parties from a future motion the better course is to enter an order directing the clerk of Franklin county to deduct from each bill of costs as taxed $20. All concur.