(85 App. Div. 166.)

### PEOPLE v. SLAUSON.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. CRIMINAL LAW—INSTRUCTIONS—CHARACTER OF ACCUSED.
   In a criminal trial, in which accused introduced no evidence of good character, a charge that character is always in issue in a trial for a criminal offense, and a refusal to charge that character was not an issue, was error.

2. SAME.
   Such error was not cured by subsequent remarks to the effect that the jury might, in the absence of evidence as to character, presume that the character of accused had been good.

   Chester, J., dissenting.

Appeal from Trial Term, Albany County.

Christopher J. Slauson was convicted of crime, and appeals. Reversed.

The defendant did not offer evidence of good character, and the people did not offer any evidence of general bad character. The defendant was a witness in his own behalf, and the testimony shows that he was a young man who used vile language, associated with other young men of the same class, and lounged with them about drinking places, and that he was accustomed to drink intoxicating liquors, and had on the day in question drank repeatedly. The remarks of the district attorney to the jury at the close of the evidence were taken by the stenographer at the request of the defendant's counsel. After the charge by the court, requests to charge were made by the defendant's counsel, and the record thereof, so far as material, is as follows:

"Defendant's counsel objects, and asks the court to correct the following portions of the district attorney's summing up: The district attorney's reference to the defendant's connection with the 'growler gang,' as being without the evidence.

"The Court: Yes; there is no evidence of that.

"Mr. Woollard: Also to any reference or allusion as to the character of the defendant, on the ground it is not in issue in this case.

"The Court: Character is always in issue when a man is upon trial for a criminal offense; but I do not recall any evidence in this case to show that this man is a man of bad character. We know nothing about his character, whether it is good or bad; and, in the absence of any such evidence, his character is supposed to be reasonably good. That is, there has been nothing brought against him, so far as I can recall, in the evidence, excepting, I think, in response to one inquiry, he said he could not tell whether he had been convicted of intoxication or not. That is the only evidence relating to bad character that there is in the case, that I recall.

"Defendant excepts to the statement.

"Mr. Woollard: I ask the court to charge they must presume the character of the defendant to be good.

"The Court: Yes.

"Mr. Addington: I except to your honor's charge that the jury must presume the defendant's character is good, and ask your honor to charge the jury must determine, from all the evidence, whether his character is good or bad.

"The Court: If there was any evidence upon that subject, that would be so; but, in the absence of any evidence, I think it is fair to a man upon trial that the jury should assume that up to that time—up to the time of the commission of the offense—he was a reputable citizen.

"Mr. Woollard: We except to that.

"The Court: That is favorable to you.

"Mr. Woollard: Not as favorable as the law contemplates."

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William E. Woollard, for appellant.

George Addington, Dist. Atty., and Robert H. McCormick, Asst. Dist. Atty., for the People.

CHASE, J. An issue is a single material point of law or fact depending in the suit, which, being affirmed on the one side and denied on the other, is presented for determination. Webster's International Dictionary; Simonton v. Winter, 30 U. S. 141, 8 L. Ed. 75. It is the privilege of the accused to put his character in issue, or not. If he does, and offers evidence of good character, then the prosecution may give evidence to rebut or counteract it; but it is not competent for the government to give in proof the bad character of the defendant,

unless he first opens that line of inquiry by evidence of good character. Colby's Criminal Law, vol. 2, p. 205. A prisoner on trial may show what his reputation is, and then the question is open to the prosecution, and for the jury to determine, like other controverted facts. But, if the prisoner chooses to give no evidence on the subject, the jury are not at liberty to indulge in conjecture that his character is bad, in order to infer that he is guilty of the particular crime charged. Good character is a shield, which the prisoner may use, if he has it; but, if he is content to leave his character entirely out of the case, the jury are not thence to infer that it is bad. Under such circumstances, the general character of the accused is hardly a subject to be considered by the jury, and they should determine the guilt or innocence of the accused upon the evidence before them, and wholly irrespective of the question of general character. People v. Bodine, 1 Denio, 281–314. To admit evidence of bad character against the accused, it is necessary that he shall have already put his character clearly and expressly in issue. Underhill on Criminal Evidence, § 78.

It is a fundamental principle of the criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in evidence, either by becoming a witness in his own behalf, or by offering evidence in support of his character. Hughes' Criminal Law and Procedure, § 3155. Where an accused becomes a witness in his own behalf, he may be cross-examined, the same as any other witness, and his character for truth and veracity may be considered in determining the weight to be given to his testimony, and within the discretion of the trial court he may be asked as to specific facts which tend to discredit him, or to impeach his moral character as bearing upon credibility. Abbott's Trial Brief (Criminal Causes) § 396 et seq. The admission of evidence bearing upon the credibility of the accused as a witness in his own behalf does not make the defendant's character an issue upon the trial, or justify the jury in taking the character of the accused into consideration in determining whether he is guilty of the particular crime charged. General character only can be considered in determining the guilt or innocence of an accused. It is general character alone which can afford any test of general conduct, or raise a presumption that the person who had maintained a fair reputation down to a certain period would not then begin to act an unworthy part; and therefore proof of particular transactions in which the prisoner may have been concerned is not admissible. Colby's Criminal Law, vol. 2, p. 204. The refusal of the court to charge, as requested by the defendant's counsel, that the character of the defendant was not in issue in this case, and the charge that "character is always in issue when a man is upon trial for a criminal offense," was error.

It is claimed by the respondent that the subsequent remarks of the court to the jury corrected the error, if any, in said general statement. The subsequent remarks of the court in substance were that the jury must presume the defendant's character to be good; but, if they found that there was any evidence relating to the defendant's character, then they could determine whether his character was good or bad. All of the statements of the court are confirmatory of the first

general statement on the subject of character. The jury were not told that general character alone could be considered in determining the guilt or innocence of the defendant, nor that, as evidence of general character had not been given, his character was not in issue; nor were they told that the evidence received relating to the defendant should only be considered in determining the weight to be given to his testimony. The jury clearly were left with the understanding that they could determine whether there was any evidence, either general or relating to specific acts, affecting the defendant's character, and that such evidence, if any, could be considered by them in determining whether he was guilty as charged.

For the reason stated, the judgment of conviction should be reversed, and a new trial granted. All concur, except CHESTER, J., who dissents.