STEWART W. CHAFFEE, Plaintiff, *v.* CHESTER E. RAHR et al., Defendants. (Action No. 1.)

Supreme Court, Special Term, New York County, March 16, 1943.

*Francis H. Horan* and *Henry Cassorte Smith* for Chester E. Rahr, defendant.

*William Piel, Jr.,* for The Flintkote Company et al., defendants.

*Jacob L. Warkow* and *Stewart W. Chaffee,* in person, for plaintiff.

EDER, J. Section 1513 of the Civil Practice Act authorizes the court in its discretion to award to either party in a difficult and extraordinary case, where a defense has been interposed, an additional allowance not exceeding (§ 1514) in the aggregate $2,000; it is under this statute that defendants apply for such an allowance. The request is opposed by plaintiff who challenges the power of the court to make such an award under the conditions which prevailed here. The point is made that before this statute is operative there must be a trial, on the merits, of the issues raised by the answer. As an accompanying ground of opposition it is contended that the case is neither difficult nor extraordinary. As I am satisfied that the additional allowance sought is warranted and that the case is one coming within the category of " difficult and extraordinary ", I shall first discuss the point urged that the provisions of this enactment are inoperative because of the facts here present.

The statute does not in express terms declare that an actual trial must take place or that there must be a trial on the merits of the issues raised by the answer, and it is to be observed that for many years this has been the view of trial judges and of intermediate appellate courts. (*Mora* v. *Great Western Ins. Co.*, 10 Bosw. 622, complaint dismissed, plaintiff not appearing on call of trial calendar; *Carter* v. *Clark*, 2 Sweeney 189, complaint dismissed for want of prosecution; *First National Bank* v. *Bush*, 47 How. Pr. 78, judgment by default on ground of frivolousness of demurrer; *Mills* v. *Watson*, 13 Jones & Sp. 591, complaint dismissed, no appearance for plaintiff when case called for trial; *Kilmer* v. *Evening Herald Co.*, 70 App. Div. 291, discontinued on plaintiff's motion on call of trial calendar; *Jermyn* v. *Searing*, 139 App. Div. 116, discontinuance by plaintiff when pressed for trial.) In none of those cases was there a trial, on the merits, of the issues raised by the answers, yet special allowances were awarded as being permissible under such conditions.

If I correctly apprehend plaintiff's contention, it is that the Legislature simply omitted to provide for such a contingency as we have present here and that the court, in consequence, lacks jurisdiction.

Although for the reasons later given I am of the opinion that this court is authorized to grant the special compensation sought, the point made warrants more than passing consideration. A situation is conceivable where, under other circumstances, the contention might carry the weight of persuasion and of ultimate conviction.

As I have said, for many years the accepted view and practice have been that the court possesses the power to grant such an allowance even though there was no actual trial of the issues; but plaintiff maintains that this view has been an erroneous one which was overruled when the point came before the Court of Appeals in *Matter of Baker* (284 N. Y. 1). There the actual question involved costs allowed in a stockholder's proceeding instituted pursuant to the provisions of section 21 of the Stock Corporation Law to determine the value of his stock; appraisers were appointed for that purpose; hearings were had before them and it was contended that such hearings constituted a " trial " and authorized an additional allowance, and that section 1513 was invocable.

The Court of Appeals did not decide whether the hearings before the appraisers constituted a trial or as such came within the purview of section 1513; it did hold that at such

" trial " before the appraisers the only question before them was one of valuation and not a trial of issues raised by a defense; that the issues were not those raised by the defense interposed to the action and hence the provisions of section 1513 were inapplicable. In speaking of section 1513 the court said that before the trial court may exercise its discretion to award an additional allowance three conditions must be met, i.e., (1) a defense must have been interposed; (2) the case must have been difficult, and (3) extraordinary. Continuing, the court said (p. 11): " In establishing the three requirements for an additional allowance, the statute obviously contemplates that it will be awarded only where there has been a trial of the issues raised by the defense, and that the trial was extraordinary and difficult."

From the use of the phrase " trial of the issues raised by the defense," one may gain a first impression that if for any reason there is no actual trial of the issues raised by the answer no extra allowance is permissible whatever be the nature of the disposition made of the action. If by the use of the word " trial " the court meant that a formal, actual trial must take place and intended to overrule the long-accepted view and approved practice, as exemplified by the previously cited cases, it cannot be denied that the premise advanced by plaintiff has its degree of merit. When, however, claim is made that a court of last resort by its decision intended to effect a change in practice that has been general since the adoption of the old Code of Procedure and which has been continued down through the years to the present day, I should hesitate to give it so drastic an interpretation unless that intention is manifested by the court in clear and unmistakable terms.

It is my view that the mentioned language, upon which plaintiff places such strong reliance, must be read and considered in the light of the particular factual situation before the court and also in the light of the precise questions actually considered and decided. I do not believe that by the use of the phrase " trial of the issues raised by the defense " the court intended that where plaintiff neglects or refuses to proceed to trial or, with a trial once begun, suffers a dismissal, in such an instance section 1513 is inapplicable; rather, I incline to the belief that the court by this expression meant to indicate that section 1513 relates to such issues as are presented by pleadings used in a court of justice and which require determination by such a tribunal. Be that as it may and assuming the *Baker* case to support the interpretation contended for by

plaintiff, I regard it as unavailing here for the reason that in the instant case there was a " trial of the issues raised by the defense "; that what transpired amounts to the trial of the issues; that section 1513 is applicable and operative, and that this court is vested with power in the circumstances and in the situation disclosed to make the special award to the defendants, as sought.

There are numerous definitions of the terms " trial " and " issue ", but as applied to judicial proceedings an issue is matter presented by a pleading which raises a point of fact or of law, or both, in a pending suit, which requires the determination of a judicial tribunal. (*People* v. *Slauson*, 85 App. Div. 166; *Riggs* v. *Chapin*, 7 N. Y. S. 765, 767.) A trial " means proceedings in open court after the pleadings are finished and the case is otherwise ready " (*Crisostomo* v. *Director of Prisons*, 41 Philippine Reports [1920], 368, 370); it is the " judicial examination of the issues " (*Third National Bank* v. *McKinstry*, 2 Hun, 443, 444) for the purpose of determining them (*State* v. *Bergman*, 37 Minn. 407, 408); it is " ' that part of a litigation which consists in the examination by the court of the point, the hearing of the evidence, if any, and the determination of the controversy or final submission of the cause for such determination ' " (*Phillips* v. *Vessells*, 2 Harr. [Del.] 490); there is a trial when an answer is interposed, the case called for trial of the issues, opening statements made, motions made therein, proof taken, if any is offered, and there is a hearing as provided by law (20 C. J. S., Costs, § 198); a trial means a judicial examination of the issues raised by the pleadings or by the evidence (Milliman on Costs, § 406a, p. 483).

In order to constitute a trial there need not be present an active controversy in the sense that it is indispensable that it must involve direct and cross-examination (*Wandell* v. *Hirschfeld*, 40 Misc. 527); the action may be tried on the pleadings alone, as fully as if evidence was introduced to prove the allegations. In *Dodd* v. *Curry* (4 How. Pr. 123) it was held that where on the regular call of the calendar the cause was reached and plaintiff failed to appear it constituted a trial for the purpose of taxing a trial fee. The court ruled (p. 124) that the effect was " as though the plaintiff had appeared and produced his witnesses, and failed to prove his case "; that " though not technically a trial, it has always been held, for the purposes of costs, equivalent to an actual trial." This is even more so where the plaintiff appears, where the trial is begun and plaintiff personally participates in the proceedings, and also by counsel, as was done here.

In the case at bar the following occurred: When the court convened, the trial calendar was called; this action was called for trial in regular order; plaintiff, who is an attorney, appeared and answered and applied for an adjournment to procure the attendance of a particular lawyer to act as his chief trial counsel; the application for postponement was opposed and the request for delay was denied and the case was marked ready; a recess was then taken until 2 p. m., when the court reconvened; the plaintiff appeared by Mr. Warkow, as his associate trial counsel; the court inquired if the parties desired to waive findings and this the plaintiff declined to do; various motions for different forms of relief were then made by the respective parties and counsel argued pro and con at some length; in these plaintiff personally participated; all of the motions were passed upon by the court; recess was then taken until the following morning when court again convened; plaintiff then renewed his request for a postponement for the same reason and the request was denied; the plaintiff then stated that he had nothing else to offer to the court; following this announcement, upon motion of the defendants, the complaint was dismissed for failure of proof and exceptions noted by plaintiff.

In my opinion the proceedings, as here related, amounted to a trial of the issues raised by the defense for the cause was called to trial for the purpose of disposing of them on the merits, both with respect to matters of fact and of law, and I cannot quite gather by what hypothesis of reasoning a contrary assertion can successfully be made.

If the last of the motions made by plaintiff had been granted, namely, the motion for judgment against the defendants, it seems clear that it would have amounted to a trial for the purpose of taxing and recovering costs of trial as distinguished from mere costs of motion. In *Shannon* v. *Brower* (2 Abb. Pr. 377) the plaintiff was nonsuited when the cause was called for trial and the complaint dismissed on motion of the defendant before any testimony had been taken, and the court said (p. 378): " Here there was as clearly a trial as if there had been a verdict."

The cases cited fully establish that where a cause is at issue on issues of fact and is regularly noticed for trial and placed on the calendar, and when reached in its order the complaint is dismissed for failure of appearance, failure of proof or refusal to proceed or to continue after trial has commenced, it constitutes a trial for the purpose of taxing a trial fee and this result

cannot be changed or destroyed simply because the trial is rendered abortive or otherwise curtailed by plaintiff's refusal to continue (15 C. J., Costs, § 262).

Concluding as I do that the *Baker* case (284 N. Y. 1, *supra*) is in nowise an impediment to the instant applications and that even if it is applicable that there has been a trial of the issues raised by the pleadings, as there defined, I come to the remaining claim of the plaintiff that the case is neither difficult nor extraordinary within the meaning of the statute.

In matters of this kind every case depends upon its own peculiar facts; no hard and fast rule can be laid down by way of definition, and a determination of the character of a case in this respect involves a consideration of many factors and the particular circumstances of the case. The following illustrations are instructive: The general character of the action; the extent of the litigation involved in it; the period of its continuance and the trouble of conducting it; the time and effort consumed in the preparation of the case for trial even though the trial of the case consumed but little time; the complex and intricate nature of the facts or law involved; the fact that a large sum is dependent on the decision of the case is also an element to be considered as that fact increases the care and responsibility of the attorney. (See 20 C. J. S., Costs, § 202, notes 51–57; see, also, *Hayman* v. *Morris*, 37 N. Y. S. 2d 884.)

Plaintiff's assertion that this case required but little preparation is not borne out by the facts. I shall not go into minute details but the total liability asserted is over $2,500,000, of which plaintiff claims his thirty-per-cent share to be over $750,000; the original complaint consists of over 26 pages; the bill of particulars comprises 85 pages; the amended complaint added a number of other allegations and made other charges and the case involves many complexities and ramifications over a long period of time and involves both legal and equitable relief; the examination before trial approximates 1,000 pages; plaintiff himself found it necessary to submit three trial briefs covering 130 pages, one, concerning a motion to strike out the defenses, of 24 pages, the second relating to facts and proof of substantive law, of 70 pages and containing fifty-eight points of law, intensively briefed; and the third, dealing with points of evidence, of 36 pages, covering twenty-five features, also fully briefed, and representing a vast amount of time and energy expended in research, in the assembling and separation of data, and in the preparation, revision and ultimate completion; there was also an appeal involved which

went to the Appellate Division, requiring the preparation of the record and the drawing of briefs and incidental services on the appeal.

A goodly, if not the major, portion of the above required the attention, examination and time of the attorneys for the defendants, and there were other matters which also required their attention, time and study, viz., discovery and inspection proceedings involving the examination of many thousands of pages of corporate files and records and other innumerable data; there were over ten separate motions and cross motions before trial, elaborately documented and briefed. It appears that the preparation for the defense of the action engaged the major part of the time of one lawyer for the past three years, estimated to be the equivalent of the full time of a lawyer for over a year, and has also taken many hours of work on the part of other lawyers as well; that the factual investigation in preparation for trial necessitated investigation and study of subject matter of unusual scope and complexity covering a period of nineteen years; and it also appears that patents, patented processes and proposed licensing systems were involved which necessitated extensive and painstaking investigation; the defendants' counsel were also required to and did draw trial briefs. The parties were in accord that the trial would take about a month.

Without going into and featuring other details because to do so would carry this opinion to undue length, suffice it to say that I do not think there can be any doubt from this record that the case justly comes within the classification of " difficult and extraordinary." I am quite certain that if the plaintiff had succeeded in this action he would unhesitatingly claim that the case was a difficult and extraordinary one within the meaning of that term and that he was entitled to an extra allowance as authorized by section 1513; but, having failed, he readily asserts the contrary. It depends on whose ox is being gored.

The motions are granted as prayed for. Settle order.