Owen McGivern, J.
This is a motion for leave to serve an amended answer by adding affirmative defenses and to dismiss the amended complaint for lack of jurisdiction of the subject of the action or to dismiss for legal insufficiency.
The amended complaint seeks to rescind a separation agreement which provides for support of two children in defendant wife’s custody. The answer consists of a general denial of the material allegations of the complaint. The proposed amended answer seeks to add affirmative defenses of a Mexican divorce decree by due process and the incorporation therein of the separation agreement, and that by such decree both parties ratified and confirmed the same, and that by virtue thereof the court has no jurisdiction of the cause of action; that with knowledge of all the facts set forth in the complaint, plaintiff did not elect to rescind the separation agreement and refrained from commencing this action until August 16, 1960, and plaintiff thereby elected to ratify and confirm ,said agreement, and cannot now maintain this action.
*455 Leave to serve the amended answer is granted, and the motion to dismiss upon the ground that the court has no jurisdiction of the subject of the action is denied without prejudice. (Rules Civ. Prac., rule 108; Martin v. Katz, 15 A D 2d 767.)
With respect to that branch of the motion to dismiss for legal insufficiency, the complaint must be construed broadly and liberally. Pleadings in equity are construed more liberally than in actions at law (Minnesota Min. & Mfg. Co. v. Technical Tape Corp., 3 A D 2d 759). On this motion, the material allegations of fact contained in the complaint must be accepted as true, together with any reasonable inference that may be drawn therefrom.
While mere promissory statements as to what will be done in the future are not actionable (Adams v. Clark, 239 N. Y. 403, 410; Central Sav. Bank v. Amted Realty Co., 274 App. Div. 392, 393), “it is settled that, if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of ‘ a material existing fact ’ upon which an action for rescission may be predicated” (Sabo v. Delman, 3 N Y 2d 155, 160; see, e.g., Adams v. Gillig, 199 N. Y. 314, 319 et seq.; Ritzwollen v. Lurie, 225 N. Y. 464, 467-468; Adams v. Clark, supra; Shipman v. Bennett, 2 N Y 2d 966).
In the light of the foregoing, the motion to dismiss for legal insufficiency is denied.
No request is made in the notice of motion to dismiss that part of the complaint requesting the court to make provision for the support of the children, so it is unnecessary to decide at this time whether such relief should be granted.
The proposed answer is to be served within 10 days after service of a copy of this order with notice of entry.