■ STATE-WIDE INSURANCE COMPANY, Respondent, v. WILLIAM A. GLAVIN, Appellant.— Order, entered June 27, 1961, granting plaintiff's motion to strike the second affirmative defense in defendant's answer which pleaded the defense of privilege in an action for libel, unanimously affirmed, with $20 costs and disbursements to respondent. Defendant contends that the letter, which forms the basis for plaintiff's action for defamation, was written by defendant in the course of a judicial proceeding, and since it was relevant thereto, it was absolutely privileged. The absolute privilege as to statements or utterances in the course of judicial proceedings applies to letters written by attorneys in connection with an action. (*Simon* v. *Stim*, 11 Misc 2d 653, affd. 10 A D 2d 647; *Zirn* v. *Cullom*, 187 Misc. 241.) In *Zirn* v. *Cullom*, the letter was considered as an offer of settlement; and in *Simon* v. *Stim*, the letter was written to a Justice of the Supreme Court in connection with the settlement of an order. Thus, where the letter is written in the course of judicial proceedings and is directly pertinent and relevant to the proceedings, it is privileged. The letter in the instant case does not meet this test. The negligence action was commenced to protect the interests of defendant's client or to further them. But, the alleged reasons given by defendant in his letter for commencing an action had no relevancy to the issues of the negligence action, nor did they relate to any proceedings in the course thereof. Special Term was correct in refusing to extend the right of absolute privilege to the communication involved herein. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ MARTIN S. FINK, Respondent, v. MURIEL S. GOLDBLATT, Appellant, et al., Defendants.— Order, entered on May 9, 1962, so far as appealed from, denying defendant-appellant's motion to dismiss the amended complaint, unanimously reversed, on the law and the facts, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. The Mexican decree approves and incorporates the separation agreement and orders the parties to comply with it. As the validity of the decree is in no wise questioned, its consequent recognition by our courts (see *Gould* v. *Gould*, 235 N. Y. 14, 28, 29) precludes the impairment of its mandate which the requested annulment of the agreement would entail (*Rehill* v. *Rehill*, 306 N. Y. 126; *Schacht* v. *Schacht*, 295 N. Y. 439; *Calderon* v. *Calderon*, 275 App. Div. 251; *Hoyt* v. *Hoyt*, 265 App. Div. 223). Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ. [33 Misc 2d 454.]

■ EMBASSY COOPERATIVE, INC., Appellant, v. CHESTNUT CONSTRUCTION CORP. et al., Respondents.— Order entered May 4, 1962, denying plaintiff's motion to modify defendants' demand for a bill of particulars, modified on the law and in the exercise of discretion to the extent of striking item 7 (a) and eliminating from the demand the words "in detail" and "exactly" wherever they appear, and as so modified the order is affirmed, without costs. Item 7 (a) calls for particulars with respect to defendants' alleged waiver, modification or excusal of performance of conditions precedent. However, the performance or nonperformance of conditions precedent was not put in issue by defendants in their answer in the manner required by rule 92 of the Rules of Civil Practice. In the circumstances, the pleading of waiver, modification or excusal of performance is surplusage and consequently item 7 (a) must be stricken. Concur — Rabin, J. P., McNally, Eager and Steuer, JJ.; Stevens, J., dissents and votes to affirm. Settle order on notice.