Richard J. Cardamone, J.
The plaintiff in this above-entitled action has brought an action alleging the defendants libeled him in three letters dated August 25, September 14 and October 13, 1961.
In substance the plaintiff alleges that these letters charge him with failing to make a full disclosure of certain financial dealings with the two bankrupt corporations, and in particular charge him with illegal withdrawals or illegal loans of funds.
*849 The defendants allege in their third affirmative defense set forth in paragraph 12 of their answer for the defendant Sovik, and their answer to the amended complaint on behalf of Newton D. Bartle, Syracuse Credit Men’s Service Corporation, Credit Bureau of Greater Syracuse, Inc., and the Palladium Times, Inc., the defense that even if the alleged statements are libelous, that they arose out of and in the course of a judicial proceeding and are therefore privileged.
By stipulation of both counsel, it was decided that this defense should be tried preliminarily, the understanding being that if this defense succeeded, it would be a bar to the plaintiff’s action. If not, the plaintiff would proceed to trial on his cause of action. Therefore for the past two days the court has tried the defendants’ third affirmative defense of privilege arising out of a judicial proceeding.
The question to be answered, simply put, is whether or not the three letters in question were written and published by the defendants in the course of a judicial proceeding. The question is one of law and not of fact (People ex rel. Bensky v. Warden of the City Prison, 258 N. Y. 55, 60 [1932]).
The law is well settled in the State of New York that for the privilege to apply, the statements alleged must arise in the course of a judicial proceeding, be relevant or pertinent thereto, and the participants must be legitimately involved in the proceeding.
The proceedings before the Federal Bankruptcy Court for the Northern District of New York involving the two bankrupt corporations were judicial proceedings as defined in the law of this State (Marsh v. Ellsworth, 50 N. Y. 309 [1872]).
The general test of relevancy or pertinency to the judicial proceeding has been set down in a number of cases. As was stated in Moore v. Manufacturers Nat. Bank of Troy (123 N. Y. 420, 426 [1890]): “The public interests are sufficiently protected when the privilege is limited to communications which fairly ought to have been made, or in case of judicial proceedings to matters not wholly outside of the cause. But no strained or close construction will be indulged in to exempt a case from the protection of privilege.” Similarly in Zirn v. Cullom (187 Misc. 241, 242 [1946]) it was stated: “ Such statements are absolutely privileged unless ‘ the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion ’.” The broad construction mandated upon the words “ pertinent ” and “ relevant ” is set forth most clearly in Seltzer v. Fields (20 A D 2d 60, 63 [1st Dept., 1963], affd. 14 N Y 2d 624): “strict legal *850 materiality or relevancy is not required to confer the privilege. There is difficulty in determining in some cases what is relevant or pertinent, and in deciding the question the courts are liberal, and the privilege embraces anything that may possibly be pertinent or which has enough appearance of connection with the case so that a reasonable man might think it relevant. All doubt should be resolved in favor of its relevancy or pertinency, and for the purposes of relevancy, the court will assume the alleged slanderous charges to be true ’ ’. In fact, there is some authority that casts the burden of showing irrelevancy upon the plaintiff (Simon v. Potts, 33 Misc 2d 183, 194 [1962]).
The privilege extends to letters between the parties or the attorneys or addressed to the court in connection with the proceedings, providing, again, that they are pertinent thereto (Simon v. Stim, 11 Misc 2d 653, 654 [1958]).
Creditors in a bankruptcy proceeding of arrangement (U. S. Code, tit. 11, ch. 11) include anyone who owns a debt, demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney or proxy (Bankruptcy Act, § 1, subd. [11]; U. S. Code, tit. 11, § 1, subd. [11]). The defendants are interested parties, as they were creditors of the debtor corporations whose estates were being administered in the bankruptcy proceedings (Abrams v. Crompton-Richmond Co., 7 Misc 2d 461, 462 [1957], affd. 5 A D 2d 811 [1st Dept., 1958] ).
Further the existence of an informal committee, which defendants were, is clearly recognized under the scheme of the Bankruptcy Laws of the United States, and it may exist or be organized prior or subsequent to the appointment of the official committee of creditors (8 Collier, Bankruptcy, p. 750 [14th ed., 1964]). In fact, under subdivision (2) of section 337 of the act (U. S. Code, tit. 11, ch. 11, § 737, subd. [2]) the expenses of an informal committee may be paid for, providing the informal committee has been selected by a majority in amount of the unsecured creditors. The effectiveness, at times, of an informal c.omTnittp.fi as recognized in the Bankruptcy Act,. is clearly demonstrated here. Such was noted by the Circuit Court of Appeals for the Second Circuit in its decision permitting the withdrawal of the creditors’ acceptances, previously given for the official committee’s plan.
The record before the coui’t clearly indicates, and it has been stipulated, that defendants Sovik and the Palladium Times, hie., were creditors prior to August 25, 1961, the date of the first letter in question. Defendant Newton Bar tie stated in his examination before trial that to the best of his recollection he did not have any powers of attorney from any of the creditors *851 listed in the letter of August 25, 1961. However, in previous testimony contained in the same examination before trial, Mr. Bartle states that he had been and still was in the business of representing creditors, and that some of these creditors were his customers. He testified that he had oral authority from the creditors whose names are set forth in the letters, having spoken to them, as he states, over the telephone prior to the release of the letter. The same testimony obtains with reference to the subsequent two letters. It is therefore clear that he was, in fact, acting as an agent for these creditors in the drafting and mailing of the letters.
Further, subdivision (i) of section 21 of the Bankruptcy Act (U. S. Code, tit. 11, § 44, subd. [i]) provides that “ A communication by a creditor * * * [or] by the attorney for any of them * * * uttered in good faith and with reasonable grounds for belief in its truth, concerning the conduct, acts or property of the bankrupt, shall be privileged and the creditor * * * [or] attorney * * * so uttering the same shall not be held liable therefor.” It is thus explicitly provided in the act that a privilege exists in favor of defendants in this matter.
Counsel has raised the question of communication by Mr. Bartle to his secretary, arguing to the court that such is a publication of a libel. The case of Ostrowe v. Lee (256 N. Y. 36, 40 [1931]) which counsel cites, refutes this in holding: “ If a business communication is privileged, as being made on a privileged occasion, the privilege covers all incidents of the transaction and treatment of that communication which are in accordance with the reasonable and usual course of business.”
Considering the foregoing facts and applying the law just recited to them, this court renders its determination that the statements contained in the three letters in question, assuming but not determining that they are libelous, did arise in the course of a judicial proceeding, were relevant and pertinent to it, and the defendants were parties interested therein.
Therefore the defense of privilege interposed is absolute and operates as a complete bar to the plaintiff’s cause of action as against each of the respective defendants in the action.
The complaint will be dismissed.