Richard J. Cardamone, J.
The defendants have moved pursuant to CPLR 8303 (subd. [a], par. 2) for additional costs in the amount of $3,000.
A libel action was instituted by the plaintiff against the defendants, and others (who were subsequently dropped as parties), in June, 1962. The action came on for trial before this court on March 21 and 22, 1966. The only issue tried was the third affirmative defense set forth in the defendants’ answer which alleges that the claimed libelous statements arose in the course of a judicial proceeding. The resolution of this issue was one of law and not of fact (People ex rel. Bensky v. Warden of the City Prison, 258 N. Y. 55, 60 [1932]). After the two-day trial, during which three witnesses were called and 11 exhibits were introduced into evidence, this court concluded that the statements were made in the course of a judicial proceeding and that the defense interposed to the plaintiff’s complaint was a complete bar to his cause of action. As a result, the complaint was dismissed (49 Misc 2d 848). This motion followed.
The petition, made by the defendants’ attorney, sets forth the history of the action. It includes the number and purpose of various preliminary motions, principally in connection with the bill of particulars. Petition contends that plaintiff’s deliberate refusal to limit the issues was the primary reason for the extraordinary and burdensome work imposed on him in defending this action. In all, it appears that there were 5 motions made (only some of which resulted in orders being entered) and there were, in addition, 5 separate examinations before trial comprising some 300 pages of testimony.
The bankruptcy proceedings in 1961, out of which these allegedly libelous statements arose, comprised 612 pages; “ only a fraction of them contained any testimony at all. In most of the 14 hearings which took place before the Referee in Bankruptcy in 1961 from May 4 to September 30, no testimony at all was taken and no exhibits were offered, there was only' colloquy of counsel. While there were three additional hearings before the Referee in 1963, their total pages amounted to only 172 and they were in no way pertinent to the proof of plaintiff’s accusations here ”.
Petitioner also sets forth in detail the volume and scope of the files he examined in his own office as well as in the Federal *217 bankruptcy court. Petitioner states that he and others in his law firm spent eight days reviewing this mass of material in preparation for the trial.
In an answering affidavit made by the plaintiff’s attorney, he alleges compliance with the court order regarding the bill of particulars required to be served on the defendants. Plaintiff’s attorney states that the bill of particulars was served on defendants, accepted by them, and that no motion objecting to it was made by the defendants. He further claims that the reviewing done was unnecessary to the defense of this suit, or at least should be partially allocated to other suits still pending.
The statute provides that the court before which trial was had may award “2. to any party to a difficult or extraordinary case, where a defense has been interposed, a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter involved, and not exceeding the sum of three thousand dollars ” (CPLR 8303, subd. [a], par. 2).
Since this type of application involves many subjective factors within the court’s broad discretionary powers, it is usually decided on a case by case basis which makes precedents of correspondingly less value. A brief analysis of some of the factors ordinarily considered, however, should demonstrate whether or not this case falls into the difficult or extraordinary class.
It has been held that the following are factors to be examined: “ The general character of the action; the extent of the litigation involved in it; the period of its continuance and the trouble of conducting it; the time and effort consumed in the preparation of the case for trial even though the trial of the case consumed but little time; the complex and intricate nature of the facts or law involved; the fact that a large sum is dependent on the decision of the case ”. (Chaffee v. Rahr, 181 Misc. 64, 70 [Sup. Ct., New York County, 1943]). Others considered are ‘ ‘ time and expenses in traveling to the trial, the use of numerous exhibits, the need to examine a great number of statutes or a mass of documentary evidence, and employment of expert counsel”. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8303.17.)
Obviously, two days spent in trial, using only three witnesses, on the single issue raised in one affirmative defense, standing alone, is not either difficult or extraordinary under CPLR 8303 (subd. [a], par. 2). Petitioner’s claim for extra allowance, however, is based essentially on those factors concerned with time consumed in preparation. The action brought by the plaintiff was a libel action and has been held not to be difficult or extraordinary to defend even though “ an expensive and *218 elaborate investigation is necessary to secure evidence in justification ” (Veimer v. Belmont, 158 App. Div. 899 [2d Dept., 1913]). An illustration of time consumed in preparation which classifies a case as difficult or extraordinary is Chaffee v. Rahr (supra), the defense of which engaged the major time of one lawyer for a three-year period, estimated to be the equivalent of the full-time of a lawyer for over a year as well as many hours of work on the part of other lawyers.
Upon a consideration of the foregoing, it is this court’s opinion that granting an additional allowance on the grounds that this was a difficult or extraordinary case would be an improvident exercise of its discretion. (DeLisio v. Clyde Milling Corp., 24 A D 2d 823 [4th Dept., 1965]) and, therefore, the defendants’ motion is accordingly denied, without the costs of this motion to either party.