■ FRANK DE LUCA et al., Respondents, v NOSWAL PARK TAXPAYERS ASSOCIATION, INC., et al., Appellants, et al., Defendants.—In an action *inter alia* to recover damages for the intentional infliction of mental distress, the appeal is from an order of the Supreme Court, Putnam County, dated March 20, 1975, which *inter alia* denied the branch of appellants' motion which sought to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The examination before trial shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellants, or at such time and place as the parties may agree. Appellants' time to answer is extended until 20 days after completion of the depositions. We agree with Special Term that the complaint set forth "sufficient allegations to support a cause of action for intentional infliction of mental distress." Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.

■ WILLIAM J. EVANS, JR., Appellant, v PYONG H. ALZONA, as Mother and Natural Guardian of URIE EVANS, an Infant, et al., Respondents.— Order of the Supreme Court, Suffolk County, dated July 17, 1975, affirmed, with $50 costs and disbursements. In our opinion, plaintiff's motion was properly denied and the complaint was properly dismissed (see *Fink v Goldblatt,* 18 AD2d 629, affd 13 NY2d 957). We also find plaintiff's allegations with respect to the commission and discovery of the alleged fraud so unspecific and tenuous as to be insufficient as a matter of law. This further ground warrants denial of plaintiff's motion to require the child to submit to a blood grouping test and dismissal of the complaint. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.