■ BERNARD FRIEDMAN et al., Appellants, v SAMUEL ALEXANDER, Respondent.—In an action to recover damages for libel, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated March 3, 1980, which (1) denied their motion to amend their complaint so as to add an additional party defendant and (2) granted defendant's cross motion for summary judgment dismissing the complaint. Order affirmed, with $50 costs and disbursements. On or about April 18, 1975, the Potter Instrument Company, Inc. (hereinafter PICO) filed a petition for bankruptcy pursuant to chapter 11 of the United States Bankruptcy Act. Thereafter, following the approval by the Bankruptcy Court and confirmation by majority vote of the various creditors' committees, defendant, Alexander, was named chief operating officer of the bankrupt and, acting in said capacity, sent letters to the members of the various creditors' committees, PICO's board of directors and other interested parties allegedly containing certain defamatory statements regarding plaintiff Qualtrol Electronics, Inc. (a creditor of the bankrupt) and its president, plaintiff Friedman. This lawsuit arises out of those statements. Defendant maintains that since the statements were made in the context of an

ongoing judicial proceeding they were absolutely privileged, and that the complaint must therefore be dismissed. We agree with the defendant. Undoubtedly, a bankruptcy proceeding is in the nature of a judicial proceeding (see *Abrams v Crompton-Richmond Co.,* 7 Misc 2d 461, affd 5 AD2d 811). Moreover, the "privilege", so-called, has been held to include letters exchanged between the respective parties or their attorneys in connection with the proceeding (see *State-Wide Ins. Co. v Glavin,* 18 AD2d 629), and applies to those statements which may be contained therein which, by any view or under any circumstances, may be considered pertinent to the litigation (see *Martirano v Fross,* 25 NY2d 505, 507; *State-Wide Ins. Co. v Glavin, supra;* cf. *Dachowitz v Kranis,* 61 AD2d 783). Here, the statements made in defendant's letters were pertinent to the underlying bankruptcy proceeding, as they purported to recount certain alleged improprieties of the plaintiffs concerning the property of the bankrupt. The individual plaintiff maintains, however, that, notwithstanding the foregoing, the "privilege" could not be applicable to statements made about him, as he was not an interested party in the bankruptcy proceedings. We cannot agree. As a member of a creditors' committee of the bankrupt and as the president of a creditor of PICO, he was, indeed, an interested party. Accordingly, since it clearly appears that the letters were written and sent in the course of a judicial proceeding, that their contents were pertinent thereto, and that they were directed solely to parties legitimately involved in the proceeding, the statements contained in the defendant's letters were absolutely privileged (see *Schwartz v Bartle,* 49 Misc 2d 848). The complaint was, therefore, properly dismissed. On this analysis, it follows *ex necessitate* that so much of the order as denied plaintiffs' motion to amend their complaint so as to add an additional party defendant was proper. Mangano, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.