■ In the Matter of F & D REALTY Co., Respondent, v ANTHONY NOTO, as Supervisor of the Town Board of the Town of Babylon, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to grant the petitioner a special permit, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated April 4, 1985, as granted the petitioner an additional allowance of $3,000 pursuant to CPLR 8303 (a) (2).

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, and the provision in the judgment awarding the petitioner an additional allowance of $3,000 pursuant to CPLR 8303 (a) (2) is deleted.

This proceeding was commenced after the appellants, constituting the Town Board of the Town of Babylon, denied the

petitioner's application for a special permit to use its property for a bar-restaurant. The petitioner had, simultaneously with its application to the town for a special permit, submitted an application to rezone the property. The Supreme Court noted that a special permit could not be issued unless the property was rezoned, which the town had failed to do, directed the appellants to act upon the petitioner's rezoning application, and otherwise dismissed the proceeding. However, the court awarded the petitioner $3,000 pursuant to CPLR 8303 (a) (2) on the ground that the town "caused delay of the full and fair adjudication of this petition because of the procedural peculiarities".

CPLR 8303 (a) (2) permits the court to award an additional allowance where the case is found to be "difficult or extraordinary". This case does not fall within the purview of this statute in that it is not "difficult or extraordinary". Despite the unusual predicament in which the petitioner found itself due to the town's inaction, the issues presented are not especially difficult, and the litigation, based upon the record before us, which did not require a hearing or trial, was not difficult or extraordinary (see, University of Rochester v Wagner, 63 AD2d 341, affd 47 NY2d 833; Schwartz v Bartle, 51 Misc 2d 215). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.