■ Gene Black et al., Appellants, v Green Harbour Homeowners' Association, Inc., et al., Respondents. [798 NYS2d 753]—

Kane, J. Appeal from an order and judgment of the Supreme Court (Sheridan, J.), entered July 16, 2004 in Albany County, which, inter alia, granted defendants' cross motion to dismiss the complaint.

Plaintiffs were cosponsors of the offering plan for a housing development. Defendants are that development's homeowners' association, its board of directors and the individual members of the board of directors. This action alleges defamation through statements in a letter to the association's members and another letter to an Assistant Attorney General in the Department of Law—Investor Protection Bureau. After a dispute arose regarding disclosure, plaintiffs moved to compel compliance with their disclosure demands. Defendants cross-moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7) or 3212, and alternatively for a protective order. Supreme Court found that the letter to the association members was entitled to an absolute privilege and the letter to the Attorney General's office was entitled to a qualified privilege, resulting in a dismissal of the complaint. The court thus denied plaintiffs' disclosure motion. Plaintiffs appeal.

Supreme Court properly dismissed the cause of action related to the homeowners' letter as absolutely privileged. Statements by parties to legal proceedings are absolutely privileged if those statements are in any way pertinent to the litigation (*see Grasso v Mathew*, 164 AD2d 476, 479 [1991], *lv dismissed* 77 NY2d 940 [1991], *lv denied* 78 NY2d 855 [1991]; *Friedman v Alexander*, 79 AD2d 627, 628 [1980]). The test of pertinency in this regard is extremely liberal so as to "embrace[ ] anything that may possibly or plausibly be relevant or pertinent" (*Grasso v Mathew, supra* at 479). As the association was a party to litigation, the letter from the board of directors informing the association's members of the status of that litigation was pertinent to such legal proceedings, entitling the statements in that letter to an absolute privilege (*see Friedman v Alexander, supra* at 628). Therefore, the court properly dismissed the cause of action related to allegedly defamatory statements in that letter.

Supreme Court also properly dismissed plaintiffs' cause of action based on the letter to the Attorney General's office. Plaintiffs conceded that statements in that letter are entitled to a qualified privilege because they were made by the board of

directors in the course of discharging its duties to the association (*see Toker v Pollak*, 44 NY2d 211, 219 [1978]). In order to defeat the qualified privilege, plaintiffs were required to tender proof in evidentiary form that defendants acted with malice in making the statements (*see id.*; *Russ v State Empls. Fed. Credit Union [SEFCU]*, 298 AD2d 791, 793 [2002]; *Hoyt v Kaplan*, 263 AD2d 918, 919 [1999]). Plaintiffs have failed to refute defendants' disclaimer of malice and offer nothing more than mere speculation regarding ill will, rather than evidentiary proof that "the statements were so extravagant or vituperative as to indicate that they were motivated *solely* by ill will" (*Hoyt v Kaplan, supra* at 920). Plaintiffs' request for further disclosure is unpersuasive because it is based on an unsubstantiated hope that something helpful will be uncovered, with "no reason to believe that proof of malice will be developed through discovery" (*Harris v Alcan Aluminum Corp.*, 91 AD2d 830, 831 [1982], *affd* 58 NY2d 1036 [1983]; *see Trails W. v Wolff*, 32 NY2d 207, 221 [1973]). Considering the record here, and the additional information available to plaintiffs from related litigation regarding the housing development (*see Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963 [2005])— which resulted in a trial lasting 24 days, produced a transcript over 3,300 pages, provided in excess of 100 trial exhibits and involved depositions of the parties—there is no basis to conclude that further disclosure will uncover additional probative evidence of malice or that any material facts are in defendants' exclusive possession (*see Matter of Heustis v Town of Ticonderoga Planning Bd.*, 11 AD3d 868, 870 [2004]; *Hughes Training, Inc., Link Div. v Pegasus Real-Time*, 255 AD2d 729, 730 [1998]). Thus, Supreme Court's dismissal of plaintiffs' second cause of action was proper.

Based on the proper dismissal of both causes of action, we need not address the parties' arguments concerning their disclosure motions.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.