**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00418-CV**
_____

**TONI SHARRETTS COLLINS, Appellant**

**V.**

**WILLIAM ZOLNIER, Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-02-01225-CV**

**MEMORANDUM OPINION**

In a single issue, Toni Sharretts Collins appeals the trial court's award of summary judgment in favor of William Zolnier. Collins sued Zolnier for defamation regarding communication Zolnier had with his court appointed Chapter 7 bankruptcy trustee about Collins, an attorney who represents a creditor in the bankruptcy proceeding. Collins argues that the trial court erred when it determined that Zolnier's communication to the bankruptcy trustee was privileged communication made

1

during a judicial proceeding and granted Zolnier's motion for summary judgment. We affirm the trial court's judgment.

## I. Background

For several years, Zolnier leased a building from Collins's client (Landlord) to house his mattress and furniture store in Montgomery County. In 2014, Landlord[1] sued Zolnier for delinquent rental payments, and after a jury trial, was awarded a monetary judgment. After the judgment, Zolnier filed for Chapter 7 bankruptcy, and a bankruptcy trustee was appointed by the court to evaluate his debt and to determine whether to recommend to the Federal Bankruptcy Court a discharge of Zolnier's debt, subject to the various creditor's objections. Landlord was named as a creditor in the bankruptcy proceeding. Collins represented Landlord in the bankruptcy proceeding, and Landlord was the only creditor who objected to the discharge of debt. Zolnier sent a letter to the bankruptcy trustee describing his history with Landlord and Collins, including his belief regarding the Landlord's motivation to sue him for the delinquent rental payments. In the letter to the bankruptcy trustee, Zolnier references Landlord, the Landlord's ex-wife, and Collins and makes statements regarding alleged criminal history and drug use.

---

[1] Collins is married to the Landlord.

After the letter was published in the course of the bankruptcy proceedings, Collins sued Zolnier in Montgomery County for defamation, arguing that Zolnier's defamatory statements "were made intending to injure [Collins's] good reputations (sic), record and professional career and expose [Collins] to impeach [Collins's] honesty, integrity, virtue and reputation." Zolnier moved for summary judgment on Collins's claims arguing the communication to the bankruptcy trustee was made in the course of a judicial proceeding and was "absolutely privileged." The trial court granted Zolnier's motion for summary judgment and Collins timely filed this appeal.

## II. Standard of Review

We review the granting of a summary judgment under a *de novo* standard. *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015) (citation omitted). The moving party must prove no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). We review the evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 SW.3d 802, 827 (Tex. 2005);

3

*Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)). If a movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex. 1996) (citation omitted).

### III. Analysis

"The common law and statutes provide certain defenses and privileges to defamation claims." *Neely v. Wilson*, 418 S.W.3d 52, 62 (Tex. 2013) "Further, the common law has recognized a judicial proceedings privilege since at least 1772 for parties, witnesses, lawyers, judges, and jurors." *Id*. (citations omitted). Communications related to a judicial proceeding are privileged and any claims for defamation based on those communications are prohibited. *Patterson v. Marcantel*, No. 09-16-00173-CV, 2017 WL 4844514, *17 (Tex. App.—Beaumont Oct. 26, 2017, no pet.) (mem. op.) (citing *Deuell v. Tex. Right to Life Comm., Inc.*, 508 S.W.3d 679, 689 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)). "This privilege…attaches to all aspects of the proceeding, including statements made in open court, pre-trial hearings, depositions, affidavits, and any pleadings or other papers in the case." *Id.* (citing *James v. Brown*, 637 S.W.2d 914, 916–917 (Tex. 1982); *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942)). "Whether an alleged defamatory statement is related to a proposed or existing

judicial or quasi-judicial proceeding, and is therefore absolutely privileged, is a question of law." *5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254, 257 (Tex. App.—Fort Worth 2004, pet. denied) (citations omitted). We resolve all doubts in favor of the communication's relation to the proceeding. *See id.* (citations omitted).

## A. Judicial Proceeding

Collins does not contest that the bankruptcy proceeding is a judicial proceeding. While not directly addressed by Texas courts, we note that other jurisdictions have recognized that a judicial proceeding, as required to claim the absolute privilege against a suit for defamation, includes bankruptcy proceedings. *See Lee v. Nash*, 65 Or. App. 538, 541, 671 P.2d 703, 705 (1983) (citations omitted) (stating there is an absolute privilege to "publish defamatory matter concerning another in communications during the course of and as part of a judicial proceeding, including a bankruptcy proceeding."); *Friedman v. Alexander*, 79 A.D.2d 627, 628, 433 N.Y.S.2d 627, 628 (A.D.2d 1980) (citation omitted) ("Undoubtedly, a bankruptcy proceeding is in the nature of a judicial proceeding."); *Ganassi v. Buchanan Ingersoll, P.C.*, 373 Pa. Super. 9, 22, 540 A.2d 272 (1988) (citations omitted) (Affidavits filed in connection with a bankruptcy proceeding were "made in the course of a judicial proceeding, and, therefore, cannot give rise to an action for defamation."); *Borden v. Clement*, 261 B.R. 275, 284 (N.D. Ala. 2001) (citations

omitted) ("Absolute privilege enjoys vitality in the context of bankruptcy proceedings.").

**B. Relevant to the judicial proceedings**

In her sole issue before the Court, Collins asserts that this absolute privilege granted in a judicial proceeding cannot be extended to Zolnier's statements because "Collins had no interest …[and] had no relation to Zolnier's bankruptcy." Collins maintains that because she is not an interested party and that she only represents a creditor, the statements made by Zolnier are not privileged because "[t]here is simply no nexus between Zolnier's defamatory statements and Zolnier's Chapter 7 bankruptcy asset [c]ase." Collins states that because the statement bears no relationship to the proceedings, the privilege does not apply. We are not persuaded by Collins's argument.

Texas recognizes an absolute privilege for statements made in a judicial proceeding. *Montemayor v. Ortiz*, 208 S.W.3d 627, 654 (Tex. App.—Corpus Christi 2006, pet. denied). "Communications and publications made in the due course of a judicial proceeding will not serve as the basis for a defamation action." *Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295, 302 (Tex. App.—Corpus Christi 2002, pet denied) (citations omitted). "The immunity is absolute even if the statement is false and uttered or published with express malice." *Dallas Indep. Sch.*

*Dist. v. Finlan*, 27 S.W.3d 220, 238 (Tex. App.—Dallas 2000, pet. denied) (citations omitted).

> Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case.

*Reagan*, 166 S.W.2d at 912 (citations omitted).

> It is not necessary that the defamatory matter be relevant or material to any issue before the court. It is enough that it have some reference to the subject of the inquiry. Thus, while a party may not introduce into his pleadings defamatory matter that is entirely disconnected with the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation. The fact that the defamatory publication is an unwarranted inference from the alleged or existing facts is not enough to deprive the party of his privilege, if the inference itself has some bearing upon the litigation.

Restatement (Second) of Torts, § 587 cmt. c (Am. Law Inst. 1977); *see also Finlan*, 27 S.W.3d at 239 (citation omitted) (extending the privilege to any statement bearing some relation to a judicial proceeding); *Attaya v. Shoukfeh*, 962 S.W.2d 237, 238 (Tex. App.—Amarillo 1998, pet. denied) (citations omitted) ("This absolute immunity doctrine (which has been routinely extended to judicial proceedings) means that any statement made in the trial of any case by anyone cannot constitute the basis for a defamation or any other civil action."). This doctrine furthers public policy by promoting a "complete and unbridled development of evidence in the

settlement of disputes without fear of reprisals." *Saxer v. Nash Phillips-Copus Co. Real Estate*, 678 S.W.2d 736, 740 (Tex. App.—Tyler 1984, writ ref'd n.r.e.). Therefore, any tort litigation based on the content of the communication is prohibited. *State Fair of Tex. v. Riggs & Ray P.C.*, No. 05-15-00973-CV, 2016 WL 4131824, at *5 (Tex. App.—Dallas, Aug. 2, 2016, no pet.) (mem. op.) (citations omitted).

The record reflects that Landlord was the sole objector to the discharge of the Zolnier's debt. Zolnier's letter to the bankruptcy trustee was in response to the Landlord's objection to the discharge of the debt. His letter to the bankruptcy trustee detailed his understanding of why Collins, as the spouse of Landlord, and Landlord would object to the discharge of the debt and has some relation to the discharge proceeding and the trustee's recommendation in that discharge proceeding. "Although the privilege may not apply where statements are published to persons outside of the judicial action, statements made to persons with an interest in the litigation are privileged." *Ghafourifar v. Cmty. Trust Bank, Inc.*, No. 3:14-CV-01501, 2014 U.S. Dist. LEXIS 135855, *18 (S.D.W. Va. Sept. 26, 2014). Texas courts have held that bankruptcy trustees are "arm[s] of the [c]ourt." *Clements v. Barnes,* 834 S.W.2d 45, 46 (Tex. 1992) (citations omitted). The trustee was tasked with the decision regarding the discharge of Zolnier's debt. Any communication by

8

Zolnier regarding the debt or his understanding of why a creditor may oppose the discharge is related to and relevant to the judicial proceedings of the bankruptcy court and made to an interested party, the trustee. *See Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 57–58 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). Collins's argument that the statements are "disparaging [and] false," bears no weight on our determination that the statements are relevant to the bankruptcy proceeding. We extend the privilege to statements "regardless of the negligence or malice with which they are made." *Id*. at 57; (citation omitted); *see also Finlan*, 27 S.W.3d at 238. Therefore, Zolnier's statements, made within a judicial proceeding, were relevant to the judicial proceeding and are absolutely privileged.

## IV. Conclusion

Having overruled Collins's sole issue on appeal, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 19, 2018
Opinion Delivered May 30, 2019

Before Kreger, Horton and Johnson, JJ.

9